(Nos. 44199, 44432 cons.—

LAKE SHORE AUTO PARTS CO. *et al.* v. BERNARD J. KORZEN, County Treasurer and *ex officio* County Collector of Cook County, *et al.*—CLEMENS K. SHAPIRO *et al.* v. EDWARD J. BARRETT, County Clerk of Cook County, *et al.*

Supplemental opinion upon remand from the
Supreme Court of the United States

*Opinion filed April 25, 1973.—Rehearing denied June 1, 1973.*

GOLDENHERSH, J., dissenting in part.

PER CURIAM: In July of 1971 this court rendered its opinion in these causes, holding that article IX-A which had been added to the Illinois Constitution of 1870 by amendment was invalid because it violated the equal protection clause of the fourteenth amendment to the constitution of the United States. *Certiorari* was granted by the Supreme Court of the United States, and the decision of this court was reversed and the causes remanded to this court for further proceedings not inconsistent with the opinion of the Supreme Court of the United States.

Thereafter, some of the parties to these causes requested immediate issuance of the mandate of this court to the circuit court of Cook County in order that proceedings might there be taken by way of interpretation of the opinions of this court and the Supreme Court of the United States, with a view toward further appeals from the interpretation of the circuit court.

Because the public interest requires that any questions that may exist concerning the interpretation of the opinions of this court and the Supreme Court of the United States be promptly determined, the parties were directed to submit memoranda to this court stating their views.

The court has considered the memoranda that have

been filed on behalf of the parties and other interested persons. In its opinion this court stated: "We conclude that the meaning of article IX-A is that *ad valorem* taxation of personal property owned by a natural person or by two or more natural persons as joint tenants or tenants in common is prohibited." (49 Ill.2d at 148.) This is the interpretation upon which the opinion of the Supreme Court of the United States was based.

The personal property thus left subject to taxation under article IX-A includes the following categories of ownership: partnerships, limited partnerships, joint ventures, professional associations, and professional service corporations. Trustees and other fiduciaries, whether corporate or not, do not own property as natural persons, and they were not exempted from taxation by article IX-A. Bank stock, like the shares of any other corporation, is exempt only when owned by a natural person or by two or more natural persons as joint tenants or tenants in common.

The causes are remanded to the circuit court of Cook County for further proceedings in accordance with this opinion.

*Causes remanded.*

MR. JUSTICE GOLDENHERSH, dissenting in part:

I dissent from the portion of the opinion which decides that "Trustees and other fiduciaries, whether corporate or not, do not own property as natural persons, and they were not exempted from taxation by article IX-A." As the result of this holding, personal property which would be exempt from taxation if the legal ownership were vested in individuals, severally, or as joint tenants or tenants in common, would lose its exempt status if held by a fiduciary, individual or corporate, while the beneficial ownership is vested in these same individuals, severally, jointly, or in common.

The most obvious and annoying anomaly which results from the majority's holding arises in connection

with the estates of decedents. Under the majority's holding, property owned by an individual and therefore exempt, loses its exempt status during the period that it is held by the administrator or executor and regains its exempt status upon distribution to the individual heirs or legatees. An examination of the Principal and Income Act (Ill. Rev. Stat. 1971, ch. 30, par. 159 *et seq.*) in the light of the majority opinion will demonstrate the numerous injustices and inequities which will result from this decision.

Furthermore, the majority opinion will curtail, to a great extent, the effective use of trusts and the utilization of the provisions of the Uniform Gifts to Minors Act (Ill. Rev. Stat. 1971, ch. 3, par. 531 *et seq.*). Absent amendment or repeal of section 27a of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 508a) March 31 will become the magic date for termination, and April 2 the magic date for creation, of fiduciary estates. In no other area of taxation is a beneficiary penalized because the property of which he is the beneficial owner is held by a fiduciary, and courts and fiduciaries will now be confronted with the question of whether "men of prudence, discretion and intelligence" (Ill. Rev. Stat. 1971, ch. 148, par. 32) may safely counsel or approve the use of a device which has for so long performed service of inestimable value.

Of course, the simple solution to the problem is to hold that individuals who own the beneficial interest in personal property, severally, jointly or in common, are "natural persons" (49 Ill.2d 137, 148) within the contemplation of article IX-A and that property so owned is exempt. It would not be difficult to devise a return to be filed by fiduciaries with respect to property held by them in which the exemption was claimed, and to do so would, in my opinion, more nearly achieve the intent of article IX-A than does the majority opinion.