BANCORPORATION *et al.*, Plaintiffs-Appellants, *v.* BERNARD J. KORZEN, County Treasurer and County Collector for Cook County, *et al.*, Defendants-Appellees.

(No. 60185;

First District (5th Division)—May 23, 1975.

William P. Colson, of Chicago (William J. Harte, Ltd. and Kevin M. Forde, Ltd., of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal from an order vacating a preliminary injunction and granting summary judgment in favor of defendants. They contend that the trial court erred in holding that the imposition of personal property tax on their shares of bank stock was authorized by the Illinois Revenue Act.

Plaintiffs are six corporations owning shares of capital stock in Illinois banks and purporting to represent as a class "all persons and entities

(other than natural persons as defined by the Supreme Court of Illinois * * * in the case of *Lake Shore Auto Parts v. Korzen* issued April 26, 1973), owning capital stock issued by banks having their principal place of business in Cook County, Illinois." They filed their complaint in three counts seeking in Count I: (1) a refund of the class 1971 personal property tax payments being held by defendant Bernard Korzen, county collector and treasurer, in a protest fund, (2) a preliminary injunction restraining said treasurer from transferring any moneys paid into said protest fund, and (3) a declaration that plaintiffs and the class they represent are exempt from payment of personal property taxes by virtue of the provision of chapter 120, par. 557, Illinois Revised Statutes (also referred to as section 76 of the Illinois Revenue Act) and that the collection of said 1971 personal property tax was unauthorized. Count II requests the same relief as the 1972 personal property taxes while Count III prays for injunctive relief against defendant P. J. Cullerton to restrain him and other defendants from assessing certain property of plaintiffs and their class.

On May 30, 1973, the trial court entered a temporary injunction enjoining defendants from transferring any funds held by them which were derived from the payment by plaintiffs and their class of 1971 personal property taxes on bank stock and requiring defendants to segregate such amounts paid for 1972. Thereafter, defendants filed a motion to vacate the temporary injunction alleging improper service of notice and asked that the order be vacated. Following a hearing on the legal issues the court on January 22, 1974, vacated the temporary injunction and granted defendants' request for summary judgment. Plaintiffs appeal from this order. Subsequently the trial court entered an order requiring defendants to continue segregating the 1971, 1972 and 1973 personal property taxes paid by plaintiffs and their class on their shares of bank stock.

OPINION

Plaintiffs contend that imposition of personal property taxes on their shares of bank stock was unauthorized by and in contravention of section 76 of the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 557). This section states:

> "The stockholders of every kind of incorporated bank located within this State, whether such bank has been organized under the banking law of this State, or of the United States, shall be assessed and taxed upon the value of their shares of stock therein, in the taxing district where such bank or banking association is located and not elsewhere, whether such stockholders reside in

such place or not. The value of such shares of stock for purposes of taxation shall be ascertained by deducting from the value of all the shares of the capital stock of such bank the fair cash value of the real estate owned by such bank or banking association situated in the county in which such bank or banking association is located, as determined by the assessor. Such shares shall be listed and assessed with regard to the ownership and value thereof as they existed on the first day of April annually, *subject, however, to the restriction that taxation of such shares shall not be at a greater rate than is assessed upon any other moneyed capital in the hands of individual citizens of this State, in the taxing district where such bank is located.* The shares held in this State of capital stock of National banks not located in this State shall not be required to be listed under the provisions of this Act." (Emphasis added.)

They then refer this court to article IX-A, the 1970 amendment to the 1870 Illinois Constitution, which was incorporated in the 1970 Illinois Constitution by article IX, section 5(b). By this amendment, a personal property tax on moneyed capital in the hands of an individual is prohibited. Plaintiffs then reason that by virtue of this amendment and the emphasized portion of the statute quoted above, that any tax on their bank shares would be at a higher rate than is assessed on "moneyed capital in the hands of an individual citizen" and is therefore unauthorized by the statute. It is important to note that plaintiffs are not arguing an exemption from personal property taxes on their shares, but merely that the statute, in view of the constitutional amendment, no longer authorizes a tax.

Moneyed capital is a type of personal property and therefore may not be taxed when in the hands of an individual citizen. Moneyed capital in the hands of an individual citizen may not be considered as being taxed at a rate of zero. As a result of the prohibition in section 76, any tax on the bank shares would be in excess of the rate on "moneyed capital in the hands of an individual citizen" and is therefore invalid because it is in excess of the statutory limitation.

*Lake Shore Auto Parts Co. v. Korzen,* 54 Ill.2d 237, 296 N.E.2d 342, cited by both parties, is neither controlling nor relevant because the issue there was exemption from the tax and not whether the rate imposed by a particular statute was valid. We do not by this opinion indicate that these shares are exempt from taxation, but merely state that in light of the constitutional amendment, section 76 of the Revenue Act no longer authorizes a tax.

Defendants have also argued that the statutory restriction on the rate of

tax was intended to conform with the uniformity requirements of the 1870 Constitution and that because these constitutional requirements no longer exist since the amendment of article IX-A, the tax can be imposed without regard to this statutory restriction. In other words, defendants rely on the statute, but ignore the restriction found within that statute. While uniformity is no longer constitutionally required, uniformity certainly is not constitutionally prohibited. Therefore, since the statute with the restriction included is not at odds with the Constitution, defendant's argument must fail.

The order vacating a preliminary injunction and granting summary judgment in favor of the defendants is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

BARRETT, P. J., and DRUCKER, J., concur.