ALFRED O. MILLER *et al.*, Plaintiffs-Appellees, *v.* JAMES H. CLARK, Treasurer and Collector of Du Page County, *et al.*, Defendants-Appellants.

Second District (2nd Division)    No. 74-330

Opinion filed March 23, 1976.—Rehearing denied April 21, 1976.

John J. Bowman, State's Attorney, of Wheaton (Robert D. McLaren, Assistant State's Attorney, of counsel), for appellants.

James B. Sloan and Paul J. Richter, both of Sloan and Bragiel, of Chicago, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The plaintiffs, certain taxpayers in Du Page County, brought a class action to recover personal property taxes paid under protest. The defendant, James H. Clark, Du Page County Treasurer, appeals from the ruling of the circuit court in that case allowing the plaintiffs interest on the refunds due to the taxpayers after the personal property taxes in question were held to be invalid.

The Illinois Constitution of 1870 was amended late in 1970, before the 1970 Constitution went into effect, to prohibit the taxing of personal property as to individuals. In *Lake Shore Auto Parts Co. v. Korzen*, 49 Ill. 2d

137, the Illinois Supreme Court held this amendment to be invalid as contravening the equal protection clause of the fourteenth amendment to the United States Constitution. This decision was appealed to the United States Supreme Court and during the pendency of that appeal personal property taxes were collected subject to a special statute passed by the Illinois legislature (Ill. Rev. Stat. 1973, ch. 120, par. 676.01) which provided as follows:

> The county collector of each county shall deposit in a special interest-bearing escrow account an amount equal to all payments of ad valorem personal property taxes extended in 1972 against personal property owned by a natural person, or two or more natural persons as joint tenants or tenants in common, and received by him pending final disposition of Lake Shore Auto Parts v. Korzen, 49 Ill. 2d 137 (1971). All such payments shall be considered to have been made under protest. Each taxpayer for whom such tax payments are placed in escrow shall be eligible for automatic full repayment from the county collector if such personal property taxes are ultimately held to be invalid, the provisions of Sections 194 and 195 of this Act notwithstanding. No part of the funds deposited in the escrow account may be withdrawn except by the county collector subsequent to final disposition of Lake Shore Auto Parts v. Korzen." (Eff. 7/27/72.)

On February 22, 1973, the United States Supreme Court issued its opinion (*Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 35 L. Ed. 2d 351, 93 S. Ct. 1001) reversing the Illinois Supreme Court's interpretation of the amendment abolishing personal property taxes as to individuals. It held that the classification of personal property taxes under the amendment was a reasonable exercise of the State's taxing power. Following this opinion, and pursuant to section 195.01 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, par. 676.01), the plaintiffs moved for judgment allowing them a refund of the personal property taxes in question. In a supplemental motion the plaintiffs moved for an award of interest on the refunds. The trial court, after hearing arguments of counsel (as well as having been furnished with an opinion of amicus curiae, Attorney General William Scott) awarded interest to the plaintiff taxpayers to the extent it was earned by the escrow account which had been set up pursuant to section 195.01 (Ill. Rev. Stat. 1973, ch. 120, par. 676.01) of the Revenue Act.

The county treasurer appealed the court's ruling as to the payment of interest on the refunds and argues that by Illinois law interest is not payable on tax refunds unless the legislature specifically so directs. He cites several cases in support of this contention; *Lakefront Realty Corp. v. Lorenz*, 19 Ill. 2d 415; *People ex rel. Harding v. Chicago & Northwestern Ry. Co.*, 331 Ill. 544; *Chicago Home for Girls v. Carr*, 300 Ill. 478, among

others. Most of the cases cited do not bear on the precise question before us but simply indicate that a strict construction is favored in construing tax statutes. *Lakefront Realty Corp.*, however, considers the exact question here involved and appears to be (as indicated in the opinion) the first case in Illinois on that precise point. In that case the plaintiffs alleged that a certain tax was unauthorized and illegal as being in excess of the taxing body's appropriated needs and the plaintiff sought to enjoin the collection of such tax. Not being able to accomplish this in time to prevent such collection the plaintiff then paid the tax under protest and asked that the defendant county treasurer be enjoined from distributing the tax. The county treasurer moved to dismiss the prayer for injunction on general principles of equity, that is, that equity will not intervene to enjoin the collection or distribution of taxes except where fraud is present or an irreparable injury would ensue or there is no adequate remedy at law. The plaintiff contended that equitable jurisdiction existed because the statute under which the protesting taxpayer would have to proceed at law did not allow for interest in case the tax was found to be illegal and a refund decreed, therefore the remedy at law was inadequate. In an extended consideration of the question of whether interest was payable on taxes found to be invalid and subject to refund, the Illinois Supreme Court decided that under Illinois law interest was not payable on tax refunds, "in the absence of a statute imposing that liability. This being so," the court concluded, "the failure of the statutory remedy to provide for the recovery of interest is no measure of its [the remedy at law's] adequacy or inadequacy." (*Lakefront Realty Corp. v. Lorenz*, 19 Ill. 2d 415, 423.) Since the plaintiff did not establish the inadequacy of his remedy at law the equitable remedy of injunction was not allowed in that case.

The case of *Clarendon Associates v. Korzen*, 56 Ill. 2d 101, followed the reasoning in the *Lorenz* case in holding that the statutory relief available (under section 194 (par. 675) and section 195 (par. 676) of the Revenue Act) for relief from an erroneous assessment, provided an adequate remedy at law to the protesting taxpayer. While the trial court in that case had ordered that the tax paid be held in an interest-bearing account, subject to final determination by the court, the Supreme Court, referring to its *Lorenz* decision, again held that interest is not payable on refunds under the statutory remedy provided by section 195, but that this fact did not render the remedy at law inadequate and injunctive relief should not have been granted.

The county treasurer also cites section 192(a) (par. 673a) of the Revenue Act which states in part:

"The county collector at the direction of the county board may invest and reinvest up to 75% of the proceeds of any taxes paid

under protest as provided in Section 194 or 195 * * *. All earnings accruing on any such investment or bank savings account shall be credited to and paid into the county corporate fund." (Ill. Rev. Stat. 1971, ch. 120, par. 673a.)

It is the county treasurer's interpretation of this language that as soon as any tax moneys are deposited, whether under protest or not, they become *county* moneys, hence no interest need be paid to anyone on such taxes.

The plaintiffs, however, distinguish the cases cited above from the present case on the grounds that (a) in the present case there was grave doubt as to the validity of the tax at the time it was collected because such tax was clearly at variance with the legislative will and (b) because there were grave doubts as to the validity of the tax the legislature provided especially that the proceeds of the tax would be put into an interest-bearing escrow account and that the taxpayer "shall be eligible for automatic full repayment from the county collector if such personal property taxes are ultimately held to be invalid, the provisions of Sections 194 and 195 of this Act notwithstanding. No part of the funds deposited in the escrow account may be withdrawn except by the county collector subsequent to final disposition of the Lake Shore Auto Parts v. Korzen." The plaintiff taxpayers argue that this was special legislation—citing the heading of the section, "Deposits of payments of personal property taxes extended in 1972—Payment under protest presumed."—and that passage of such special legislation shows an intent to take this case out of the general rule cited in *Lakefront Realty Corp. v. Lorenz,* 19 Ill. 2d 415, and treat the funds as escrow funds, not as county money. Moreover, they contend the provisions for the establishment of an interest-bearing escrow account clearly manifests an intention to pay interest on the funds. The trial court so held.

We are not faced here with the danger of setting an unwise precedent which might interfere with the orderly collection or disbursement of taxes. The county's entitlement to the tax fund in question was never more than provisional, being subject by the terms of the statute to the decision in the case of *Lake Shore Auto Parts v. Korzen.* Ordinarily the county treasurer can deposit tax funds he has collected and apply them to the credit of the county and can invest the funds for the benefit of the county as provided by statute (section 192(a) of the Revenue Act). Any earnings from such investments are to be credited and paid to the county corporate fund. Had the interest from these particular tax funds been intended to enure to the benefit of the county there does not seem to be any reason for setting up a special interest-bearing escrow account. On the other hand if it was intended that the interest was to be payable to the taxpayers, if the tax was held invalid, such provision would be logical and necessary. Our Supreme Court derived the intention not to pay interest on tax

refunds from the legislature's silence on the subject in previous cases. This special legislation provided in section 195.01 of the Revenue Act (Ill. Rev. Stat. 1973, ch. 120, par. 676.01), however, in our opinion breaks that silence as to the particular question of 1972 personal property taxes and manifests an intention to pay interest on such refunds to the extent it is earned in the escrow account.[1]

For the reasons cited above the judgment of the circuit court is affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.

---

[1] The advisory opinion of the Attorney General issued in 1973 on the specific point—that is, payment of interest—interprets section 195.01 (par. 676.01) in accord with the above observation.

The additional authority cited by the county in the Attorney General's recent opinion No. S—1004 is not addressed to the question of interest, but as to the eligibility of certain representatives of decedent's estate to a refund. The opinion seems to be at variance with the earlier opinion of the Attorney General and we do not find opinion No. S—1004 persuasive since in discussing the necessity to follow the provisions of sections 194 and 195, it entirely ignores the language of section 195.01 (par. 676.01) reading as follows:

"Each taxpayer for whom such tax payments are placed in escrow shall be eligible for automatic full repayment from the county collector if such personal property taxes are ultimately held to be invalid, *the provisions of Section 194 and 195 of this Act notwithstanding.*" (Emphasis added.)