*In re* ESTATE OF BEVERLY GRIFFY, Deceased.—(HOWARD F. GRIFFY, Appellant, *v.* DOROTHY M. TOLLIVER, a/k/a Dorothy M. Griffy, Adm'r of the Estate of Beverly Griffy, Appellee.)

Fifth District   No. 77-576

Opinion filed September 20, 1978.

H. Carroll Bayler, of Louisville, for appellant.

Robert F. A. Stocke, of Louisville, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Clay County by which the proceeds of the settlement of a wrongful death action were awarded. The appellant, Howard F. Griffy, is the father of the deceased, Beverly Griffy. The appellee, Dorothy M. Tolliver, formerly Dorothy M. Griffy, is the mother and administrator of the estate of the deceased. The mother and father were divorced in August 1975.

Beverly Griffy, at the age of 18 years and eight months, died on November 4, 1976, as a result of an automobile-train collision. She was a passenger in the automobile owned by another. The insurance carrier of the owner of the automobile made an offer of settlement in the amount of $22,027.45. Thereafter the appellee filed a "Petition to Compromise Causes of Action and for an Order Setting Hearing Date for Fixing Dependency." After a hearing, the court below authorized (among other things), the settlement in the amount offered, payment of the funeral expenses in the amount of $2,027.45, and ordered a hearing to establish the degree of dependency and to determine the distribution of the balance of the proceeds of the settlement, as provided by section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1975, ch. 70, par. 2).

The evidence presented at the hearing was that the deceased, at the time of her death, was in school, although employed part time in a restaurant in Flora, Illinois, earning about $20 to $30 per week, and had worked full time during the summer months. She resided with her mother who also worked and earned approximately $135 to $150 per week. The

mother and daughter resided in a small home which rented for $60 per month. The evidence was uncontroverted that the deceased helped her mother with the bills. She helped specifically in purchasing gasoline, groceries and occasionally, paid the telephone bill.

The appellee testified that without the financial help of the deceased, she could not have maintained the household. Conversely, the father testified that at the time of death and for six months prior thereto, he was not dependent upon the deceased for support. There was no evidence presented by or on behalf of the dependency of an adult brother of the deceased who was the only other heir.

The court below, at the conclusion of the hearing on dependency, awarded the entire balance of the settlement to be paid to the mother after determining that the father and brother were zero percent dependent upon the deceased and determining the mother's percentage to be 100 percent.

The appellant urges that the court below erred in awarding the entire balance of the settlement to the mother. The issue is whether under the facts and circumstances of this case the court below correctly interpreted and applied section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1975, ch. 70, par. 2), which provides in part:

> "The amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of an agreed settlement, by the circuit court, to each of the surviving spouse and next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentage of dependency of all such persons upon the deceased person * * *."

The appellant argues, if we correctly interpret his argument, that the appellee failed to prove that she was 100 percent dependent upon the deceased and therefore, to the extent that the appellee was less than 100 percent dependent, that percentage should have been equitably divided between the parents of the deceased. He has also contended that the evidence shows that the decedent was partially supporting herself and no one else; that the mother has failed to prove any support from the daughter and that the proceeds should therefore be divided between the parents. No authority in support of either position has been presented and we know of none.

■■ We agree with the reasoning found in the case of *Rust v. Holland*, 15 Ill. App. 2d 369, 146 N.E.2d 82, wherein it is stated:

> "In the construction of section 2 of the Wrongful Death Act [Ill. Rev. Stat. 1953, c. 70, §2] as it existed prior to the amendment made to it by the legislature in 1955, it was held that lineal next of

kin were presumed, in a wrongful death case, to have suffered a pecuniary loss entitling them to substantial damages without proof of actual loss, and that this presumption was a substantive element added by the courts by construction to the wrongful death act. [Citations.]

The legislature, by the 1955 amendment made to section 2, intended to change the manner of the distribution of the proceeds arising out of a wrongful death action. Prior to the amendment, the amount recovered through suit, or by settlement, was distributed as intestate property among the decedent's widow and next of kin. Now the statute provides that the amount recovered by suit or settlement, is to be distributed on the basis of the actual dependency 'of the widow and next of kin of such deceased person in the proportion as determined by the court.' The word 'dependency' implies a present existing relation between two persons where one is sustained by another or looks to or relies on the aid of another for support or for reasonable necessaries consistent with the dependent's position in life. [Citations.]" 15 Ill. App. 2d 369, 373-74, 146 N.E.2d 82, 84.

"Under section 2 as it existed prior to the amendment, an adult married child who was in no way dependent upon his father shared equally with minor children who were fully dependent upon the father. It was clearly the intention of the legislature to change the mode of distribution of any sum recovered under the wrongful death act and make the distribution depend solely upon the dependency of the widow and next of kin which existed at the time of death.

In the instant case, the evidence showed that the widow and the two Rust children were completely dependent upon the decedent for their support and that the two Carr children were not dependent upon him for support, and, further, that appellants had no reasonable expectation of any pecuniary benefit as a result of the continuation of his life. This is what the trial court decided and what its amended order of distribution provided." 15 Ill. App. 2d 369, 374, 146 N.E.2d 82, 84-85.

Whatever presumption of pecuniary loss that may arise from the parent-child relationship is not here applicable in view of the evidence presented.

⊕2 A careful reading of the statute clearly indicates that the court below was correct in its result and whether or not the appellee was 100 percent or less dependent upon the deceased is irrelevant in the facts of the case before us. The statute talks of proportions; proportions of dependency to the total amount of dependency. Indeed, it is quite possible

for the total percentages of dependency to be far in excess of 100 percent. Such would occur when a single parent dies with several completely dependent minor children surviving. It is also possible for the total percentage to be less than 100 which may be the present case. However, if the father and brother both have no dependency or zero percentage, it is impossible for them to have any proportion if any "surviving spouse or next of kin" has a dependency. In the case before us, the mother has shown by her testimony that there was some dependency, there is a lack of evidence regarding the brother's dependency and there is the testimony of the father himself that he was not and had not been for six months prior to death, dependent upon the deceased.

The judgment of the circuit court of Clay County is therefore affirmed.

Affirmed.

KARNS and KUNCE, JJ., concur.