CLEMENS K. SHAPIRO *et al.*, Plaintiffs-Appellees, *v.* EDWARD J. BARRETT, Cook County Clerk, *et al.*, Defendants-Appellants.

First District (2nd Division)   No. 77-1056

Opinion filed December 29, 1978.—Modified on denial of rehearing March 13, 1979.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Scott Peters, Assistant State's Attorneys, of counsel), for appellants.

No appearance for appellees.

Joseph L. Mack, of Chicago, for *amicus curiae* Daniel A. Covelli.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiffs, taxpayers in Cook County, brought an action to require segregation of the amount of personal property tax collected on bank stock owned by natural persons and for an immediate refund to the bank shareholders of the tax and interest thereon. The court directed defendants to establish in separate interest-bearing protest funds all personal property tax monies received for 1971 and 1972 on bank stock owned by natural persons and the amount of interest which would have been earned had the tax collected been placed in escrow in 1972. The court further ordered an immediate refund with interest to the shareholders. Defendants filed a motion to vacate the order, which was denied. Defendants appeal, challenging only that portion of the order which requires payment into a special escrow account of an amount equal to the interest which would have been earned had the personal property tax on bank stock owned by natural persons been placed in an interest-bearing account in 1972.

The issues presented for review are whether the personal property tax on bank stock owned by natural persons was encompassed in the original action filed by plaintiffs questioning the constitutionality of defendant's interpretation of article IX-A, which abolished the personal property tax as to natural persons, and whether section 195.01 of the Revenue Act provides for a refund of interest.

We affirm in part and reverse in part.

By referendum vote article IX-A was added to the Illinois Constitution of 1870 to be effective January 1, 1971. Article IX-A stated:

"Notwithstanding any other provision of this Constitution, the

taxation of personal property by valuation is prohibited as to individuals."

Three separate actions were filed, one by plaintiffs in the case at bar, questioning the constitutionality and interpretation of article IX-A. Plaintiffs filed a class action for declaratory judgment on May 8, 1971, in which it was alleged that Clemens K. Shapiro was a natural person who owned personal property in his own name and jointly with his wife, none of which was used for business purposes and all of which was used for his personal enjoyment; that Jerome Herman was a natural person who owned personal property and operated a business as sole proprietor; that Guy Ross and Eugene Ross were natural persons who owned property and operated a business as a partnership; and that M. Weil and Sons, Inc., was a corporation which owned personal property situated in Cook County. Plaintiffs submitted that the members of the class included all others affected by article IX-A, "which others include those required to list property as provided in Section 534 of Illinois Revenue Act of 1939." Plaintiffs then stated that the property subject to taxation included "all moneys, credits, bonds or stocks and other investments, the shares of stock of incorporated companies and associations, and all other personal property * * *." Defendants consisted of Edward J. Barrett, county clerk of Cook County; Bernard J. Korzen, county treasurer and ex-officio county collector of Cook County; George Keane and Harry Semrow, members of the Board of Appeals; P. J. Cullerton, county assessor; and Robert J. Lehnhausen, director of the Department of Local Government Affairs of the State of Illinois (hereinafter defendants).

On May 9, 1971, defendant Lehnhausen filed a motion to dismiss, asserting that the issues presented were then on appeal to the Illinois Supreme Court. On May 28, 1971, the trial court found that the action was properly maintained as a class action and that except as to Shapiro and members of his class (hereinafter plaintiffs), the complaint was dismissed. All the original plaintiffs appealed, and the case was consolidated with *Lake Shore Auto Parts Co. v. Korzen* and *Maynard v. Barrett*, which were before the supreme court.

On July 9, 1971, the Supreme Court of Illinois held article IX-A to be invalid as contravening the equal protection clause of the fourteenth amendment to the United States Constitution. (*Lake Shore Auto Parts Co. v. Korzen* (1971), 49 Ill. 2d 137, 273 N.E.2d 592.) This decision was appealed to the United States Supreme Court which granted *certiorari* on April 3, 1972. 405 U.S. 1039, 31 L. Ed. 2d 579, 92 S. Ct. 1307.

On April 13, 1972, pursuant to a motion by defendants for relief ancillary to the court's jurisdiction, Judge Donovan entered an order enjoining defendants from distributing the personal property tax receipts collected "from natural persons who own personal property in Cook

County, Illinois, which is used for their personal enjoyment and that of their families, * * *" and requiring defendants to place such receipts in a "protest" fund.[1] On April 27, 1972, the court amended its order to add that defendants were enjoined from distributing the interest realized from the taxes held in the protest fund and must hold such interest as part of the fund. On May 25, 1972, Judge Donovan entered an order enjoining defendants from distributing the personal property tax receipts collected from all noncorporate business entities and requiring defendants to place in a protest fund such receipts and the interest thereon.

After the first supreme court opinion in *Lake Shore Auto Parts Co.*, the legislature amended the Revenue Act of 1939 by adding section 195.01 (Ill. Rev. Stat. 1973, ch. 120, par. 676.01), effective July 27, 1972. The section provided:

> "The county collector of each county shall deposit in a special interest-bearing escrow account an amount equal to all payments of ad valorem personal property taxes extended in 1972 against personal property owned by a natural person, or two or more natural persons as joint tenants or tenants in common, and received by him pending final disposition of Lake Shore Auto Parts v. Korzen, 49 Ill. 2d 137 (1971). All such payments shall be considered to have been made under protest. Each taxpayer for whom such tax payments are placed in escrow shall be eligible for automatic full repayment from the county collector if such personal property taxes are ultimately held to be invalid, the provisions of Sections 194 and 195 of this Act notwithstanding. No part of the funds deposited in the escrow account may be withdrawn except by the county collector subsequent to final disposition of Lake Shore Auto Parts v. Korzen."

In February 1973 the United States Supreme Court reversed the decision of the Illinois Supreme Court and held that article IX-A was constitutionally valid. (*Lehnhausen v. Lake Shore Auto Parts Co.* (1973), 410 U.S. 356, 35 L. Ed. 2d 351, 93 S. Ct. 1001.) The Supreme Court of Illinois then issued an opinion upon remand stating that the meaning of article IX-A is that ad valorem taxation of personal property owned by a natural person or by two or more natural persons as joint tenants or tenants in common is prohibited. (*Lake Shore Auto Parts Co. v. Korzen* (1973), 54 Ill. 2d 237, 296 N.E.2d 342, *cert. denied* (1973), 414 U.S. 1039, 38 L. Ed. 2d 329, 94 S. Ct. 539.) The court specifically stated at page 239:

> "Bank stock, like the shares of any other corporation, is exempt only when owned by a natural person or by two or more natural persons as joint tenants or tenants in common."

On February 27, 1974, plaintiffs filed a complaint alleging that

---

[1] In April 1977 Daniel Covelli was appointed trustee of the protest fund.

defendants inadvertently failed to segregate the tax paid on bank stock owned by natural persons for the years 1971 and 1972 in accordance with previous court orders and section 195.01 of the Revenue Act. Plaintiffs requested that defendants be required to ascertain the amount of personal property taxes collected on bank stock owned by natural persons and that defendants be required to place that amount in a separate interest-bearing protest fund so that a refund would be ensured. Defendants filed a motion for summary judgment alleging that the previous court orders did not encompass the tax paid on bank stock.

On April 25, 1974, Judge Sarnow ordered defendants to establish and segregate in a separate interest-bearing protest fund all personal property tax monies received as payment of 1971 and 1972 taxes on bank stock owned by natural persons. The court ordered that such fund shall include the interest that would have been earned on said monies had they been segregated pursuant to the court orders of April 13, 1973, April 27, 1972, and May 25, 1972. The court denied defendants' motion for summary judgment and further ordered that refunds be made forthwith.

Defendants filed a motion to vacate alleging that defendants had no statutory power to provide the interest which the order requires; that the bank stock was not included in the original pleadings and was not encompassed by Judge Donovan's orders; that since taxes were due on June 1, 1972, and were disbursed to the taxing bodies, no escrow fund was set up pursuant to section 195.01 which became effective July 27, 1972; and that the order of April 25, 1974, was vague.

On June 21, 1977, Judge Cohen denied defendants' motion to vacate and issued a memorandum opinion and ruling in which he stated that the tax on bank stock owned by natural persons was among the personal property tax ordered to be segregated in interest-bearing accounts by Judge Donovan in April and May of 1972. The court held that because defendants failed to comply with the prior orders of court and failed to comply with section 195.01 of the Revenue Act, plaintiffs were entitled to a segregation of the funds with interest and an immediate refund.

Defendants initially contend that the original class action and the orders entered pursuant thereto did not encompass the personal property tax on bank stock owned by natural persons. Defendants contend that the class action involved property held for personal use and enjoyment and that bank stock is not included because bank stock is property held for investment purposes.

As noted in the statement of facts, the members of the class were defined to include all those affected by article IX-A. The property subject to personal property taxation was specifically defined to include stocks and other investments. Although the court order of April 13, 1972, uses language such as "property * * * which is used for their personal enjoyment," the pleadings are sufficiently broad to include bank stock

held by natural persons. Also the supreme court opinion specifically refers to bank stock owned by natural persons as being exempt from personal property taxes. 54 Ill. 2d 237, 239.

■■■ Article IX-A provides a personal property tax exemption on the basis of ownership, not on the basis of the type or use of the personal property. Thus, it is immaterial whether personal property owned by natural persons is used for personal enjoyment or held for investment purposes. Under article IX-A, any property owned by natural persons is exempt from ad valorem personal property taxes. It might also be noted that section 195.01 does not distinguish between property held for personal use and property held for investment, but rather it requires all monies collected on property owned by natural persons to be deposited in a special interest-bearing escrow account. Therefore, the personal property tax monies collected on bank stock owned by natural persons were among the monies required to be set aside in an escrow fund by the court order of April 13, 1972, and by section 195.01.

Defendants next contend that the statutory scheme governing the refund of personal property taxes to natural persons did not authorize the court to order payment of interest into the escrow account.

■■ It is well established that no interest is payable on tax refunds unless interest is provided for by statute. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299; *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 167 N.E.2d 236.) Even where the money collected is held in an interest-bearing account, plaintiff is not entitled to the interest where the statute providing a refund is silent on the issue of interest. (*Gonzalez v. Danaher* (1st Dist. 1975), 30 Ill. App. 3d 992, 332 N.E.2d 603, *appeal denied* (1975), 61 Ill. 2d 597.) Courts have interpreted silence of a statute on the question of interest as disclosing a legislative intent to deny interest. *Lakefront Realty Corp.*

■■ It is clear that the court had authority in April 1972 to order that the tax monies collected be set aside since the tax was being questioned on constitutional grounds. (*Hoffmann v. Clark* (1977), 69 Ill. 2d 402, 411, 372 N.E.2d 74. See also *Cassidy v. Lehnhausen* (3d Dist. 1975), 25 Ill. App. 3d 1049, 324 N.E.2d 236.) Thus, the tax monies collected after April 1972 should have been deposited. However, at that time the court had no authority to direct the monies to be put in an interest-bearing account, since there was no statute providing for interest.[2] (*Lakefront Realty Corp.*) The legislature then enacted section 195.01, which required personal property tax monies extended in 1972 to be deposited in a "special interest-bearing escrow account" pending final disposition of the question of the constitutionality of article IX-A. Section 195.01,

---

[2] As of April 1972, section 194, the general refund provision, was applicable. (Ill. Rev. Stat. 1975, ch. 120, par. 675.) Section 194 has been interpreted as not allowing the payment of interest. *Clarendon Associates.*

which was effective July 27, 1972, provided that if the taxes were found to be invalid, each taxpayer would be "eligible for automatic full re-payment." Section 195.01 has been interpreted as providing for the payment of interest. (*Miller v. Clark* (2d Dist. 1976), 37 Ill. App. 3d 29, 344 N.E.2d 698, *appeal denied* (1976), 63 Ill. 2d 557.) In *Miller* plaintiffs sought a refund of the interest which had accrued on personal property tax monies deposited pursuant to section 195.01. The court interpreted section 195.01 as breaking the "silence as to the particular question of 1972 personal property taxes and [as manifesting] an intention to pay interest on such refunds to the extent it is earned in the escrow account." 37 Ill. App. 3d 29, 33.

■■ The case at bar differs from *Miller* in that here no escrow account was established pursuant to section 195.01 or pursuant to court orders and thus no interest has been earned which can now be refunded. However, plaintiffs should not be deprived of interest because defendants failed to comply with court orders and section 195.01. We find that section 195.01 indicates an intent to pay interest by using the language "automatic full repayment." The language differs substantially from other tax refund statutes, which merely use the word "refund" (see Gas Revenue Tax, Ill. Rev. Stat. 1975, ch. 120, par. 467.21; Retailers' Occupation Tax, Ill. Rev. Stat. 1975, ch. 120, par. 445; Inheritance and Transfer Tax, Ill. Rev. Stat. 1975, ch. 120, pars. 382, 384), and it connotes the return of more than merely the tax itself. The legislature in enacting section 195.01 was attempting to protect the taxpayers in light of the pending litigation. Plaintiffs should not be penalized or treated differently than other personal property taxpayers because defendants failed to deposit in escrow the tax monies collected on bank stock. Thus, even though an escrow account was not established, we find that plaintiffs are entitled to interest on taxes extended in 1972 against bank stock owned by natural persons.[3] Since section 195.01 applies only to taxes extended in 1972, there is no authority for the payment of interest for any other year.[4]

Based on the foregoing, we affirm the order of the circuit court of Cook County as to the personal property taxes extended in 1972 and reverse the order as to personal property taxes extended in 1971.

Affirmed in part and reversed in part.

STAMOS, P. J., and DOWNING, J., concur.

[3] Although we find that plaintiffs are entitled to interest on the taxes extended in 1972, we do not reach the question of the source from which the payment of interest will be made because the parties have not presented such question to the trial court, and it is not properly before us for review.

[4] We interpret the phrase "extended in 1972" as referring to the tax monies for the year 1972 which were collected by defendants in 1973. We find this to be the most reasonable interpretation since section 195.01 became effective in July 1972 after 1971 taxes had accrued and had been collected.