CARTRESE CARSWELL *et al.*, Petitioners-Appellees, v. EDWARD J. ROSEWELL, County Treasurer, Respondent-Appellant.—JEAN MURPHY, Petitioner-Appellee, v. EDWARD J. ROSEWELL, County Treasurer, Respondent-Appellant.

First District (4th Division)   Nos. 85—1887, 85—1888 cons.

Opinion filed May 1, 1986.

Richard M. Daley, State's Attorney, of Chicago (Henry Hauser, Mark R. Davis, and Kevin Burke, Assistant State's Attorneys, of counsel), for appellant.

Steven A. Salzman, of Schmidt & Salzman, of Chicago, for appellees Cartrese Carswell and James Carswell.

Bruce M. Buyer, of Chicago, for appellee Jean Murphy.

JUSTICE JOHNSON delivered the opinion of the court:

Respondent, Edward J. Rosewell, Cook County treasurer and *ex officio* collector, appeals from two judgments of the circuit court of Cook County. The trial court ordered him to pay petitioners, Cartrese and James Carswell (hereinafter the Carswells) and Jean Murphy, interest on two separate indemnity judgments that the court awarded under section 247a of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 728a). The court awarded interest to petitioners under section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1303). Respondent contends that the trial court erred in awarding interest to petitioners, because section 2—1303 of the

Code does not apply to indemnity judgments under section 247a of the Revenue Act.

We affirm.

Section 247a of the Revenue Act provides a procedure by which a former owner of real property, who has lost his or her ownership interest due to the issuance of a tax deed that he or she cannot set aside, may obtain a monetary award from an indemnity fund. The section also requires that each buyer of a parcel at a tax sale pay $30 into the indemnity fund. This is the indemnity fund's only source of money. The county uses the fund to satisfy indemnity judgments under section 247a. The county treasurer holds and administers the fund, acting solely as trustee of the fund. Respondent administers the fund in Cook County. A person receiving a judgment for indemnity under section 247a must look solely to the money in the indemnity fund for payment. Ill. Rev. Stat. 1983, ch. 120, par. 728a.

The indemnity fund is inadequate to satisfy awards immediately. To avoid piecemeal depletion of the fund, respondent will satisfy an indemnity judgment only when the fund accumulates a sum sufficient to pay the judgment in full. Further, respondent satisfies indemnity judgments in the chronological order in which the court enters them.

The parties agree on the facts. Both the Carswells and Murphy owned property that the county sold due to delinquent taxes, pursuant to the Revenue Act. The trial court issued tax deeds to the buyers of their former properties. In separate actions, the Carswells and Murphy petitioned the trial court for indemnity. The trial court awarded the Carswells $38,000 on January 1, 1984. The indemnity fund, however, contained an insufficient sum to satisfy the award on that date. Respondent could not satisfy the judgment until December 12, 1984. The trial court awarded Murphy $36,621.83 on December 7, 1983. The indemnity fund likewise contained an insufficient sum to satisfy the award on that date. Respondent could not satisfy the judgment until December 12, 1984. On January 11, 1985, the Carswells and Murphy each petitioned the trial court for interest on their indemnity judgments.

The trial court found for petitioners in an opinion delivered from the bench on May 16, 1985, and made a part of the record. The court ruled that section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1303), which provides for interest on judgments generally, applies also to indemnity judgments. The court ordered respondent to pay interest to petitioners on their judgments from the dates the court entered the judgments to the dates respondent actually paid them. The court reasoned that the plain language of

section 247a of the Revenue Act provided for interest on indemnity judgments and, further, that the rationale for post-judgment interest generally was consistent with section 247a. Respondent appeals from the judgments in both actions, which we consolidated for review.

Section 247a of the Revenue Act of 1939 provides, in pertinent part, as follows:

> "(5) *** The provisions of the Civil Practice Law, and all existing and future amendments of that law, shall apply to proceedings had upon the petition, except that neither the petitioner nor County Treasurer shall be entitled to trial by jury on the issues presented in the petition." (Ill. Rev. Stat. 1983, ch. 120, par. 728a(5).)

Section 2—1303 of the Code of Civil Procedure provides:

> "Interest on judgment. Judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied or 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution, a school district, a community college district, or any other governmental entity. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest of such judgment notwithstanding the prosecution of an appeal or other steps to reverse, vacate or modify the judgment." Ill. Rev. Stat. 1983, ch. 110, par. 2—1303.

Respondent assigns error to the trial court's reasoning that (1) the plain language of section 247a of the Revenue Act provides for interest on indemnity judgments, and (2) the rationale for post-judgment interest generally is consistent with section 247a.

I

Respondent argues that the General Assembly did not intend section 2—1303 to apply to indemnity-fund judgments because the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, pars. 2—101 through 2—1601) did not contain the post-judgment interest provision when the legislature created the fund in 1970. Rather, the legislature placed the post-judgment interest provision in other chapters of the Illinois Revised Statutes. The legislature added the post-judgment interest provision to the Civil Practice Law when it replaced the former Civil

Practice Act with the Code of Civil Procedure. If the General Assembly intended the post-judgment interest provision to apply to indemnity fund judgments, then it could have amended section 247a of the Revenue Act to so provide. Rather, respondent argues, that section is silent on the issue of post-judgment interest, which discloses a legislative intent to deny interest. *Shapiro v. Barrett* (1978), 68 Ill. App. 3d 656, 661, 386 N.E.2d 76, 81, citing *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 167 N.E.2d 236.

■■ ■ The primary rule governing the interpretation and construction of statutes is that courts must ascertain and give effect to the intention of the legislature. We should seek the legislative intent primarily from the language that the statute uses. Where the language of the act is certain and unambiguous the only legitimate function of the courts is to enforce the law as enacted by the legislature. It is never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions that conflict with the clearly expressed legislative intent. (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84, 256 N.E.2d 758, 764; *People ex rel. Callahan v. Marshall Field & Co.* (1980), 83 Ill. App. 3d 811, 813-14, 404 N.E.2d 368, 370-71.) Further, interest statutes are in derogation of the common law and courts must strictly construe them. We must read nothing into them by intendment or implication. *City of Springfield v. Allphin* (1980), 82 Ill. 2d 571, 577, 413 N.E.2d 394, 397.

■ Applying the above principles to the case at bar, we conclude that section 247a of the Revenue Act is clear, unambiguous and susceptible to only one logical interpretation. The legislature included the post-judgment interest provision in the Civil Practice Law when the former Civil Practice Act became the Code of Civil Procedure. Section 247a plainly states that all future amendments of the Civil Practice law shall apply to indemnity proceedings. Thus, the post-judgment interest provision, an amendment of the Civil Practice Law found at section 2—1303 of the Code, applies to indemnity proceedings under section 247a of the Revenue Act.

The cases that respondent cites for the proposition that legislative silence on the issue of post-judgment interest indicates legislative intent to deny interest are distinguishable from the case at bar. The issue in *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 167 N.E.2d 236, and subsequent cases was whether a taxpayer is entitled to interest on tax refunds. The court in *Lakefront Realty Corp.* denied interest on taxes that were illegally collected absent a statute that expressly provided for interest. The court reasoned that once a tax collector distributes tax money to its recipients he or she no

longer has any source of funds from which to generate interest to pay taxpayers who have won refund actions years later. A tax collector would need a statute establishing a fund for this purpose. *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 422-23, 167 N.E.2d 236, 240-41.

This rationale does not apply to the instant case. The indemnity fund is in a trust that derives its monies solely from the contributions of buyers at tax sales. Respondent does not give the monies in the fund to any other unit of State or local government. Further, respondent does not satisfy an indemnity judgment until he has a sum sufficient to satisfy the judgment in full. The fund generates interest during the time that it accumulates. Thus, respondent has a source of funds to pay interest on indemnity judgments. We hold that the plain language of section 247a of the Revenue Act provides for interest on indemnity judgments.

## II

Respondent also contends that the rationale for post-judgment interest does not apply to indemnity fund judgments. He argues that two requirements must exist before a court awards interest: (1) the amount of money to be paid must be certain, and (2) the judgment debtor must have enjoyed the improper use of the money during the period for which the court awarded interest, relying on *Lincolnland Properties, Inc. v. Butterworth Apartments, Inc.* (1984), 128 Ill. App. 3d 673, 677, 470 N.E.2d 639, 642, and other cases.

Interest is the compensation that a debtor pays to his creditor in recompense for his detention of a debt. (*Tracey v. Shanley* (1941), 311 Ill. App. 529, 535, 36 N.E.2d 753, 756.) Just as a tenant pays rent for the use of property, a debtor pays interest for the use of other money. (D. Dobbs, Remedies sec. 3.5 (1973).) Respondent correctly notes one rationale for post–judgment–interest compensation to the judgment creditor for the judgment debtor's improper withholding of the amount of the judgment. However, another rationale exists for post-judgment interest. At common law, a party could not recover interest absent an express agreement. Because delay in the payment of final judgments causes losses, the legislature provided a remedy for such losses by way of interest thereon as fair compensation for such delays. *Blakeslee's Storage Warehouses, Inc. v. City of Chicago* (1938), 369 Ill. 480, 483, 17 N.E.2d 1, 3.

We conclude that the rationale for post-judgment interest applied to indemnity fund judgments. Certainly, respondent did not "improperly withhold" petitioners' money. However, a delay occurred in the

payment of their indemnity fund judgments, for which petitioners should receive compensation.

We hold that the trial court did not err in ruling that section 2—1303 of the Code of Civil Procedure applies to indemnity fund judgments under section 247a of the Revenue Act and awarding petitioners interest on their judgments from the dates of their entry to the dates of their satisfaction.

The judgments of the circuit court of Cook County are affirmed.

Affirmed.

LINN, P.J., and JIGANTI, J., concur.