EVELYN JEAN PORTER, Indiv. and as Personal Representative and Adm'r of the Estate of Nathaniel Porter, Deceased, *et al.*, Plaintiffs-Appellees, v. KLEIN CONSTRUCTION COMPANY *et al.*, Defendants-Appellees (Cardon Concrete Company, Third–Party Defendant-Appellee; Annie Porter, Petitioner-Appellant).

First District (5th Division)   No. 84—0448

Opinion filed September 30, 1987.

PINCHAM, J., dissenting.

Malato & Stein, P.C., of Chicago (Robert S. Minetz, Sarah S. Hirsen, and David J. Santori, of counsel), for appellant.

Joseph A. Rosin & Associates, Ltd., of Chicago (Joseph A. Rosin, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This appeal arises from an order striking Annie Porter's petition to vacate a settlement. In her appeal she urges the following: (1) as the mother of the deceased, she is a next of kin of deceased within the meaning of the Wrongful Death Act (Act) (Ill. Rev. Stat. 1985, ch. 70, par. 2) even though her son was also survived by a wife and child; (2) to hold that she is not the next of kin of her son within the meaning of the Wrongful Death Act would be unconstitutional; and (3) plaintiffs have no standing to contest her position because her petition seeks to disturb the settlement only as it affects defendants.

We affirm.

On November 4, 1977, Nathaniel Porter died as a result of injuries sustained. Legal proceedings were instituted that year. Plaintiffs' original and amended complaints were predicated upon violations of the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 69) (count I) and the Wrongful Death Act (count II). During trial plaintiffs' claims were settled by defendants, Klein Construction, Edmier, Inc., Skidmore, Owings & Merrill, P.M. Engineers, Inc., Theodore Veldman, and third–party defendant-appellee, Cardon Concrete Company. The circuit

court then entered two orders. One order dated September 30, 1982, was a dismissal order. The other order dated October 18, 1982, approved the settlement and distribution of payments to plaintiffs, Evelyn Jean Porter (wife) and Kimberly Porter (minor-child).

On December 20, 1983, upon learning of the settlement and distribution to plaintiffs, petitioner filed her section 2—1401 motion alleging, *inter alia,* that she was the next of kin of the deceased and that she had not received notice of the settlement. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.) The plaintiffs filed a motion to strike the petition to vacate on the ground that petitioner lacked standing. Defendants assert this same ground for affirmance. On January 18, 1984, the circuit court granted the motion to strike. Petitioner appeals from the order striking her petition.

OPINION

■ She initially contends that as mother of decedent, who is also survived by a spouse and child, she is a beneficiary under the Wrongful Death Act. (Ill. Rev. Stat. 1985, ch. 70, par. 2.) The Act provides, in part:

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person * * *."

Recovery under the Act is limited to those beneficiaries clearly described in the statute. (*In re Estate of Edwards* (1982), 106 Ill. App. 3d 635, 435 N.E.2d 1379.) The beneficiaries as defined by the Act are the surviving spouse and next of kin. Our supreme court has previously addressed the meaning of next of kin in the statute and determined that parents are not the next of kin when a decedent leaves children (*Wilcox v. Bierd* (1928), 330 Ill. 571, 162 N.E. 170, *overruled on other grounds, McDaniel v. Bullard* (1966), 34 Ill. 2d 487, 216 N.E.2d 140), and this interpretation has since been reaffirmed. See *Forthenberry v. Franciscan Sisters Health Care Corp.* (1987), 156 Ill. App. 3d 634, 509 N.E.2d 166; *Rodgers v. Consolidated R.R. Corp.* (1985), 136 Ill. App. 3d 191, 482 N.E.2d 1080.

■■ ■ In 1928, when *Wilcox* was decided, an award under the Act was to be disbursed in a proportion which was related to the distribution of personal property left by persons dying intestate. An adult child who was not dependent in any way would share equally with minor children who were fully dependent. In 1955 the legislature amended the Act so that distribution would be based on the actual de-

pendency of the spouse and next of kin. (*In re Estate of Griffy* (1978), 64 Ill. App. 3d 504, 381 N.E.2d 755.) Although the legislature changed the method of distribution, it did not expand the class of beneficiaries. The phrase "next of kin" was unaltered. A reenacted statute will be given the same construction as that given the prior act because by reenactment the legislature is presumed to have intended that the new statute have the same effect. (*City of Champaign v. City of Champaign Township* (1959), 16 Ill. 2d 58, 156 N.E.2d 543.) Thus, an amendatory act is not only to be construed as continuing in effect the unchanged portions thereof, but, more significantly, if previously construed terms in the unamended sections are used in the amendment, it is generally concluded that the legislature intended to adopt the prior construction given these terms. (*Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211.) Under *Wilcox*, parents are not the next of kin when a decedent leaves children. In order to sustain petitioner's position we would have to overrule the clear line of authority that has developed in support of the rule as set forth in *Wilcox*. We can find no justification for this and accordingly hold that the trial court was correct in granting plaintiffs' motion to dismiss.

■ Although the record shows that Annie Porter received a gift of $800, this cannot be construed as an acknowledgement of dependency. There is no case law in support of such a proposition. A gift is a voluntary, gratuitous transfer of property by one to another. (*Dudley v. Uptown National Bank* (1960), 25 Ill. App. 2d 514, 167 N.E.2d 257.) No claim of dependence arises to one who is a mere recipient of a gift.

■ In her petition she contends that an interpretation excluding her from the class of beneficiaries under the Wrongful Death Act would be unconstitutional. In support of her contention petitioner cites the single case of *Levy v. Louisiana* (1968), 391 U.S. 68, 20 L. Ed. 2d 436, 89 S. Ct. 1509. There, the Louisiana legislature enacted a statutory prohibition barring illegitimate children from recovery for the wrongful death of their mother. The United States Supreme Court found the statute to be unconstitutional. In so finding the court stated that because sensitive personal rights are involved, the judicial scrutiny of classifications based on this form of personal status will be subject to a greater scrutiny than general economic or social welfare legislation. Clearly, *Levy* has no application to the facts at bar. A claim that is neither supported by reason nor citation of authority in a brief is not entitled to consideration. (*Hirschfield v. Barrett* (1968), 40 Ill. 2d 224, 239 N.E.2d 831.) Accordingly, this contention requires no further discussion.

Her final contention is that plaintiffs do not have standing to challenge her position because she seeks only to vacate the settlement as against defendants. This contention is moot because plaintiffs have since been dismissed from this appeal.

In addition to petitioner's contentions, defendants assert that the petition to vacate was rendered moot inasmuch as petitioner could have pursued her own cause of action under the Structural Work Act. (Ill. Rev. Stat. 1985, ch. 48, par. 69.) In light of our disposition we need not reach the merits of this contention.

Accordingly, we affirm the circuit court's order dismissing the petition to vacate.

Affirmed.

SULLIVAN, P.J., concurs.

JUSTICE PINCHAM, dissenting:

I dissent. Petitioner, as the mother of the decedent, was his next of kin and was entitled to recover damages for his death from defendants pursuant to section 2 of the Wrongful Death Act (Act) (Ill. Rev. Stat. 1985, ch. 70, par. 2). An action for wrongful death is brought by the personal representative of the estate of the decedent for the exclusive benefit of the decedent's surviving spouse and next of kin. (*In re Estate of Edwards* (1982), 106 Ill. App. 3d 635, 638, 435 N.E.2d 1379.) The amount recovered in a wrongful death action is distributed to the surviving spouse and next of kin of the decedent according to the court's determination of their actual dependency. (*Rust v. Holland* (1957), 15 Ill. App. 2d 369, 373, 146 N.E.2d 82.) In the construction of section 2 of the Act, as it existed prior to the 1955 legislative amendment, the amount recovered in an action for wrongful death was distributed to the surviving spouse and next of kin of the decedent according to intestate provisions of the statute of descent and distribution. *Wilcox v. Bierd* (1928), 330 Ill. 571, 579, 162 N.E. 170.

The present statutory language of section 2 clearly permits the surviving spouse and next of kin to recover in the same wrongful death action according to their dependency upon the decedent. (*Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 894, 388 N.E.2d 906.) Where the language of a statute is clear and unambiguous, the function of the court is to apply the law as enacted by the legislature. It is improper for the court to depart from the plain language by reading into a statute exceptions, limitations or conditions that conflict with the clearly expressed legislative intent. (*Carswell v. Rosewell* (1986),

150 Ill. App. 3d 168, 172, 501 N.E.2d 695.) We must presume that when the legislature modified the procedure for distributing judgments for wrongful death, it was aware of judicial decisions concerning prior and existing law. (See *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 218, 447 N.E.2d 394.) The amendatory language in section 2 of the Act modified the procedure for distribution of the amount recovered in a wrongful death action so that it was no longer based on the statute of descent and distribution as applied to an intestate but upon the actual dependency of the surviving spouse and next of kin as determined by the court. The flaw in the analysis of the majority is its construction of the phrase next of kin, which relies upon *Wilcox*. However, as I have noted, the *Wilcox* construction applied to the preamended version of section 2 of the Act.

Additionally, it was uncontested that petitioner herein was dependent upon decedent, who had provided her regular monthly financial assistance before his death. Decedent's widow, the personal representative of the estate, acknowledged that dependency by giving petitioner $800 after his death.

Further, by filing her petition to vacate the settlement order within a month after she learned of the entry of the order, petitioner proceeded with diligence. Her claim was meritorious. The judgment should be vacated and the court remanded to permit the trial court to redistribute the amount recovered to plaintiffs and the petitioner on the basis of their actual dependency upon decedent.

Based on the foregoing reasoning, I dissent.