25174.   WEEMS *v.* SAUL.

DECIDED JANUARY 30, 1936.

*Brackett & Drennan, J. H. Cash,* for plaintiff.

*Harold Hirsch, Marion Smith, Welborn B. Cody, Edward L. Cody,* for defendant.

SUTTON, J. This action was brought under the Code of 1933, § 105-1302, by a minor child, by next friend, to recover for the homicide of one who had raised and maintained the child for seven years, who had agreed to do so until he reached his majority, and upon whom such child was dependent for support. The judge sustained a general demurrer and dismissed the action, and the plaintiff excepted.

1. A child, minor or sui juris, may recover, for the homicide of the parent, the full value of the life of such parent, as shown by the evidence. Section 105-1302 changed the common-law rule that an action for damages on account of the death of a human being would not lie, and therefore it must be strictly construed. *Fuller* v. *Inman*, 10 *Ga. App.* 680, 683 (74 S. E. 287). The word "parent" means the lawful father or mother. 46 C. J. 1212, 1213; 1 Murph. N. C. 336; 11 S. & R. 93.

2. Surviving children, upon the death of the mother, have a right of action for the homicide of their deceased father; also for her death, in a proper case. See *City of Elberton* v. *Thornton*, 138 *Ga.* 776 (76 S. E. 62, Ann. Cas. 1913E, 994); *Hood* v. *Southern Ry. Co.*, 169 *Ga.* 158 (149 S. E. 898). However, under the above section the recovery is limited to the father or mother, and a child has no right of action for the homicide of his stepfather, even though he depended upon his stepfather for support and the latter stood "in loco parentis" to him. See *Marshall* v. *Macon Sash &c. Co.*, 103 *Ga.* 725 (30 S. E. 571, 41 L. R. A. 211, 68 Am. St. R. 140); *Robinson* v. *Ga. R. &c. Co.*, 117 *Ga.* 168 (43 S. E. 452, 60 L. R. A. 555, 97 Am. St. R. 156).

3. It appearing from the petition in this case that the plaintiff's father died in 1926, when the plaintiff was four years of age, that his mother died about one year later, and while on her death-bed she gave the plaintiff to her daughter, the plaintiff's elder sister, "relinquishing to said daughter all right to the custody, control, and services of petitioner, . . . in consideration of said daughter agreeing to accept the custody of petitioner, and to maintain and educate him until he was 21 years of age, and in all respects to stand in loco parentis to petitioner," and that this sister, from the time he was given to her until her death, maintained, educated, and performed all the duties of a parent to the plaintiff, "expending for his support, maintenance, and education

at least $750 per year," and "adopted petitioner as her child, although the statutory formality incident to adoption was never complied with," and that this sister met her death because of the negligence of the defendant, for which the plaintiff is seeking a recovery of damages, the action was properly dismissed on general demurrer. *Avery* v. *Southern Ry. Co.*, 44 *Ga. App.* 613 (162 S. E. 648).

4. This case is not like *City of Albany* v. *Lindsey*, 11 *Ga. App.* 573 (75 S. E. 911), and *Atkinson* v. *Yarborough*, 13 *Ga. App.* 781 (80 S. E. 29). A foster parent has a property right in the services of an adopted child even though not legally adopted, and may recover of a person depriving such foster parent of the services of such child. It is true that for some purposes the law recognizes an adoption of a child without the necessity of complying with the statute (Code of 1933, §§ 74-401-74-404). See *Crawford* v. *Williams*, 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773), and similar decisions.

5. Applying the above principles, the judge properly dismissed the action on general demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*