30915. SMITH v. JONES.

DECIDED JUNE 28, 1945.

*H. H. Elders,* for plaintiff.

*B. D. Dubberly, Adams, Douglas & Brennan,* for defendant.

SUTTON, P. J. Mrs. Mollie Smith brought suit against T. B. Jones Jr. to recover damages for the full value of the life of Harmon Mills, her alleged foster son. Her petition as amended alleged substantially that Harmon Mills was orally given to her when he was three years old by his mother, Queen Mills (now deceased), and that his father, Harmon Mills, was gone or dead at that time and has not been heard of since; that the plaintiff reared Harmon Mills, who had no other living relatives, until he was 23 years of age; that at the time of his death he was single, in good health, and was earning $100 per month at Camp Stewart as a day laborer, and that he lived with and supported the plaintiff, who was dependent upon him, and, since becoming 21 years of age, he orally contracted with the plaintiff not to marry during her lifetime, and agreed to support her the remainder of her life; that the plaintiff is 65 years of age and has an expectancy of 11.79 years; that she has no property and is unable to work and support herself, and that her husband is crippled and unable to support himself; that on December 14, 1942, while being transported to his work on the defendant's truck Harmon Mills was killed by the negligent operation of the truck by the defendant, without fault on the part of said Harmon Mills; that it took and will take $50 per month to support the plaintiff in her enfeebled condition; and she sued for $7200, the full value of the life of Harmon Mills. The defendant demurred generally to the petition on the grounds that: "Said petition shows on its face that the petitioner has no cause of action against this defendant. The petition does not as a whole, nor do any part of its several counts, paragraphs, or parts show a cause of action against this defendant. The allegations in plaintiff's petition fail to state a right to recover against this defendant any

benefits of any kind, character, or description whatsoever." The court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

The Code, § 105-1307, declares: "A mother, or if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to her or his support, unless said child shall leave a wife, husband, or child. The mother or father shall be entitled to recover the full value of the life of such child." In construing this Code section, it was held in *Stoddard* v. *Campbell*, 27 *Ga. App.* 363 (108 S. E. 311), that the section, "being in derogation of the common law and subject to strict construction . . must be held to exclude persons standing only in a quasi-parental relation to the child, and not to authorize a recovery for the full value of a child's life by a grandmother standing in loco parentis, although dependent upon the child's earnings for her support," citing *City of Albany* v. *Lindsey*, 11 *Ga. App.* 573 (3) (75 S. E. 911). And as was said in *Avery* v. *Southern Ry. Co.*, 44 *Ga. App.* 613, 615 (162 S. E. 648) : "The statute does not include a person who occupied only a quasi-filial relationship to the decedent for whose homicide recovery is sought. Nor can the plaintiff recover on the theory that she was damaged by the negligent homicide of the decedents, in that she was thereby deprived of the support which they had furnished and were bound to furnish to her under the contract referred to in the petition." Counsel for the plaintiff in error in his brief relies on the theory that the plaintiff had a property right in the contract existing between Mrs. Smith and the deceased Harmon Mills. The answer to this is found in *Avery* v. *Southern Ry. Co.*, supra, where it was said: "In the present case the plaintiff had no property right in the promised maintenance and support which she was to enjoy at the hands of the decedents, and which she was entitled to receive under the contract with them, but such right as she had inhered only in the contract itself. The defendants are not liable to the plaintiff because it was their negligence that brought about the death of the decedents and a termination of the contract between them and the plaintiff." "A party to a contract who is injured by reason of the failure of the other party to comply with its terms can not recover damages for the negligent act of a third person by

which the performance of the contract was rendered impossible." *Byrd* v. *English,* 117 *Ga.* 191 (43 S. E. 419, 64 L. R. A. 94).

Under the facts alleged, the plaintiff was not entitled in her individual capacity to maintain the present suit, and the court did not err in sustaining the general demurrer and in dismissing the action. *Judgment affirmed. Felton and Parker, JJ., concur.*