(No. 34755.— )

EDWARD LEONARD MONAHAN, Appellant, *vs.* EUGENE P. MONAHAN *et al.,* Appellees.

*Opinion filed September 18, 1958.*

PARKHILL, SEVERNS AND STANSELL, of Chicago, for appellant.

WILLIAM C. CONNOR, and EDWARD D. BLESER, of Chicago, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff, Edward Leonard Monahan, brought suit in the circuit court of Cook County, against the heirs-at-law of Leonard Francis Monahan, deceased, upon an oral con-

tract of decedent to adopt the plaintiff, to declare plaintiff to be decedent's only heir, by reason of the contract to adopt, and to declare plaintiff to be the owner of certain real estate and other property owned by the decedent at the time of his death. Upon motion of defendants the complaint was dismissed after hearing. The title to the real estate owned by decedent at the time of his death is so put in issue in this case that the determination of this cause necessarily involves a freehold. (*Winkelmann* v. *Winkelmann,* 345 Ill. 566.) Plaintiff, therefore, appeals directly to this court.

Plaintiff was born February 20, 1923, the son of Edward Lee Bartlett and Genevieve Chappelle Bartlett. In May, 1925, plaintiff's mother placed plaintiff with Mr. and Mrs. Leonard Francis Monahan, paying eight dollars per week board. Plaintiff's father abandoned him in 1926 and was not heard from thereafter. It appears from an account record, kept in the handwriting of Leonard Francis Monahan, that plaintiff's mother continued to pay board for plaintiff until April 30, 1929. On the account then appears the notation in Mr. Monahan's hand, "Gave him to me on this day Ap. 30, 1929 (Gave Teddy to me Ap. 30 - 1929) When he was 6 years 2 months old." From the notations upon plaintiff's exhibit 7, it appears that upon giving plaintiff to the Monahans, the mother gave her permission to adopt him and agreed to sign the necessary papers.

Mrs. Monahan appears to have written upon plaintiff's exhibit 22 that plaintiff's mother, in letters, told Mrs. Monahan that plaintiff was hers and the mother didn't want him any more. It likewise appears that the Monahans consulted an attorney when plaintiff was about seven years old, but mistakenly believed they needed the father's consent and were unable to locate him. Mrs. Monahan recorded the date of plaintiff's birth in the family Bible, as well as the births of plaintiff's children upon the family register. The Monahans had plaintiff baptized as Edward Leonard Mona-

han, on April 5, 1931, as the child of Leonard F. Monahan and his wife Lucille, *nee* Glassbrook. They entered plaintiff in New Trier Township High School as the "adopted child" of Leonard F. and Lucille F. Monahan. It appears that the Monahans continuously referred to plaintiff as their son, and to themselves as his "Mom and Dad." Many of their relatives were under the impression that he was adopted.

In 1945, pursuant to a letter from plaintiff, who was then married and in the armed services, seeking to clarify his family status, the Monahans consulted an attorney in regard to adopting plaintiff. They were then informed that as plaintiff was then of age they could not adopt him.

It further appears that plaintiff continually conducted himself as a loving and dutiful son, and the Monahans continued to hold themselves out as his parents. They continually indicated that they considered plaintiff to be their heir.

Lucille F. Monahan died April 18, 1955, leaving Leonard Francis Monahan, as surviving joint tenant, the sole owner of their real estate located at 1516 Central Street in Evanston, Illinois. Mr. Monahan died intestate on March 24, 1956.

Plaintiff then brought this action against the defendants, a brother, niece, half-sister, nephew and niece, and the children of a half brother, together with their respective spouses, as the next of kin of Leonard Francis Monahan, deceased.

By his complaint, as amended, plaintiff alleged himself to be the mutually acknowledged son of Leonard Francis Monahan, the placing of himself with the Monahans, that the Monahans took him pursuant to agreement to rear him as their adopted son, his baptism, their continual representation of him as their son, the attempts by the Monahans to legally adopt him, and the Monahans' intention that he should be their heir, and prayed the real estate and other property of Leonard Francis Monahan should be declared

to be the plaintiff's and that defendants should be made to place actual title in him. In the alternative plaintiff alleged a claim for services against the estate of Leonard Francis Monahan, prayed for the appointment of an administrator, and that the court administer the estate. Defendants denied that plaintiff was entitled to any of the relief prayed and asked that the suit be dismissed. The court, after hearing evidence, dismissed the complaint, stating that it felt the equities were with the plaintiff but that the case of *Weiss* v. *Beck,* 1 Ill.2d 420, bound it to enter a decree in favor of defendants.

Plaintiff appears in this court contending that a contract to adopt may be proved solely by circumstantial evidence, that the lower court misconstrued this court's opinion in *Weiss* v. *Beck,* that the facts and circumstances herein proved clearly establish a contract by the Monahans to adopt plaintiff, and that plaintiff is not barred by the Statute of Frauds.

The trial court, and the defendants, have relied upon our opinion in the case of *Weiss* v. *Beck,* 1 Ill.2d 420, as authority for the proposition that circumstantial evidence is insufficient to support a decree upholding an oral contract to adopt. A careful review of that case, considering all statements there made, in their context, does not support such a definite interpretation. We did find that no case in Illinois had yet applied the rule that a verbal agreement to adopt might be established from circumstances alone, but had relied upon tangible evidence or positive testimony to support the inference raised by circumstances. We there indicated that the parol testimony supporting the existence of a contract upon which specific performance may be had must be clear and conclusive of the existence and terms of the contract, leaving no room for reasonable doubt. The court in such case will weigh the evidence scrupulously and with caution. The evidence in support of the alleged contract must be strong and compelling, and the evidence must

not be readily harmonizable with any other theory. We merely determined in *Weiss* v. *Beck*, that the evidence there presented failed to give rise to a clear, positive indication that the agreement to adopt ever existed, but left a reasonable doubt, and harmonized as readily with the intention to provide a good home as with an intent to adopt. Certainly a contract to adopt, as any other fact, may be proved by circumstantial evidence, provided that evidence meets the requisite tests of sufficiency. *Devine* v. *Delano*, 272 Ill. 166; *People* v. *Nixon*, 414 Ill. 125; *People* v. *Diekelmann*, 367 Ill. 372; *Jatcko* v. *Hoppe*, 7 Ill.2d 479; *Roberts* v. *Roberts* 223 Fed. 775; *Winkelmann* v. *Winkelmann*, 345 Ill. 566.

In the case at hand the evidence indicates that the family relationship of parents and son clearly existed between the Monahans and plaintiff. They continually referred to each other as "Son" and as "Mother and Dad." Neighbors and many relatives believed plaintiff had been adopted by the Monahans. Certainly plaintiff conducted himself as a dutiful child. The Monahans indicated to others that plaintiff's natural mother "gave" plaintiff to them to adopt and agreed to execute any necessary consent. This is positively confirmed by accounts, notations and statements written by both Leonard Francis Monahan and Lucille Fern Monahan, his wife, as well as by their abortive attempts at legal adoption. The evidence of the contract as well as the intention to adopt plaintiff is clear and convincing. No evidence to the contrary appears, other than the unfortunate mistaken belief of the Monahans that legal adoption was thwarted. The facts presented and the overwhelming weight of the testimony preclude any other hypothesis.

Some question is raised by defendants that the evidence raises an inference that the alleged adoptive parents did not intend plaintiff to be their heir, and hence negates an oral contract to adopt. It appears that upon consulting an attorney in 1945, the Monahans were informed they could not then adopt plaintiff under Illinois statutory law as he

had arrived at his majority. The attorney advised them at that time, that through the medium of a will, they could each provide for plaintiff, though he was not legally adopted. No will was executed by either of the Monahans, so far as the record discloses. The evidence, however, is undisputed that the Monahans intended for plaintiff to have their property. The absence of any will is explained by the positive testimony of a neighbor, Anthony Wohelski, and Eunice Murray, the wife of Leonard Monahan's business partner, that after the death of Mrs. Monahan, Leonard Monahan was undecided as to whether he would sell his real estate, give it immediately to plaintiff, or leave it to plaintiff after his death. He was also undecided whether to continue to live in the family home, go to live with plaintiff, or to live with relatives in Lansing. Their evidence is positive, however, that he intended for plaintiff to be his heir.

Defendants insist that the plaintiff is barred from bringing this cause under the Statute of Frauds as the complaint involves a freehold, the contract is not in writing, no note or memorandum appears in writing, signed by Leonard Francis Monahan or a person authorized by him. The oral contract is clearly established, plaintiff has fully performed, and to allow the contract to remain unenforced is unfair, unjust and inequitable. There is such substantial performance of the contract by plaintiff as will take it out from under the application of the Statute of Frauds. (*Winkelmann* v. *Winkelmann,* 345 Ill. 566.) Plaintiff's action is not barred by the Statute of Frauds.

The decree of the circuit court of Cook County is reversed and the cause remanded to that court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*