## 33040. ELLISON v. THOMPSON et al.

JORDAN, Justice.

This case raises the question of whether the theory of "virtual adoption" should be extended to controversies

involving child support.

Appellee, Patricia Ellison Gunn Thompson, filed a petition for declaratory judgment against two former husbands asking the court to determine which one is liable for support of her two minor children. The trial court pointed its finger at the appellant Ellison, and he appeals.

Thompson and Ellison were married in 1962 and had two children before their divorce in 1965. Their divorce decree provided that Ellison should pay $80 per month child support.

Thompson and Robert Gunn were married in 1967. In 1969, Gunn legally adopted the two subject minor children, and the children's names were changed by virtue of said adoption from Ellison to Gunn. The Gunns were divorced in June, 1972. Their separation agreement provided that Gunn would "help support these children by providing them with part of their clothing and necessities."

In August, 1972, Ellison and Thompson (then Patricia Ann Hathaway) filed a name change petition to change the names of their two natural children from Gunn back to Ellison. Ellison and Thompson both claim that the other initiated this petition. Written permission for this name change was given by Gunn, and the petition was granted by the court on October 6, 1972.

After the granting of this petition, Ellison commenced regular visits with his two natural children and again began paying $80 per month child support. He continued to pay the amount every month for a "year or two" until 1973 or 1974, but claims that this money was a "monetary gift," not child support. During this period both of the children lived with Ellison for a short time while their mother was hospitalized, and Ellison claimed his son as a dependent for tax exemption purposes one year.

On the basis of this evidence the trial court ruled that: (1) the adoption of the children by Gunn was valid; (2) that subsequent to the divorce between Gunn and plaintiff, the actions of all parties constituted a "virtual adoption" by Ellison that leaves him now responsible for the children's support, and that Gunn is relieved of these

responsibilities; and (3) that since there is no valid order existing as to the amount of child support that Ellison is required to pay he cannot be held in contempt.

The equitable principle of virtual adoption was first recognized in *Crawford v. Wilson,* 139 Ga. 654 (78 SE 30) (1913), and applied to allow a child to participate in the estate of a foster parent without legal adoption if the foster parent contracted with the natural parent to adopt the child and leave the child an estate. Although Georgia courts have interpreted this principle on numerous occasions, they have never extended it beyond the intestacy situation found in *Crawford.* The Court of Appeals has held that a foster parent who has "virtually adopted" a child cannot recover for the child's wrongful death. *Smith v. Jones,* 72 Ga. App. 638 (34 SE2d 623) (1945). Nor can a "virtually adopted" child recover for the wrongful death of the foster parent. *Weems v. Saul,* 52 Ga. App. 470 (183 SE 661) (1935). Other jurisdictions which recognize this principle also limit its application to the *Crawford* situation. 2 CJS 449, Adoption of Persons, § 34.

As this court said in *Crum v. Fendig,* 157 Ga. 528 (121 SE 825) (1924): "We are of the opinion that the decision made in the *Crawford v. Wilson* case is sound, but we do not think that the ruling should be extended."

A "virtual adoption" creates no legal rights but simply enforces contract rights in equity. The relation of parent and child does not arise from virtual adoption. *Limbaugh v. Woodall,* 121 Ga. App. 638 (175 SE2d 135) (1970). A child support controversy involves only the question of who is legally responsible for that support and in what amount. We therefore conclude that the theory of "virtual adoption" is not applicable to a dispute as to who is legally responsible for the support of minor children.

The record here is clear that the appellee Gunn legally adopted the two children of his spouse. After such legal adoption "the relation between such person and the adopted child shall be as to their legal rights and liabilities the relation of parents and child. . . When the final adoption shall have been granted, the parents of the child shall be divested of all legal rights or obligations from them to the child or from the child to them. . ." Code Ann. § 74-414.

The adoption by Gunn of the children relieved Ellison of all obligations and created the relationship of parent and child between Gunn and the children. Gunn is therefore legally responsible for the support of the children as long as this relationship continues to exist. The trial court erred in not so holding.

*Judgment reversed. All the Justices concur, except Hall and Hill, JJ., who dissent.*

SUBMITTED DECEMBER 9, 1977 — DECIDED
JANUARY 24, 1978.

*Peugh & Bradley, W. B. Bradley,* for appellant.
*Gilmore, Waddell & Phillips, Thomas J. Phillips, Jr., Copelan & Kopp, Jesse Copelan, Jr.,* for appellees.

HILL, Justice, dissenting.

I would find that the father of a child adopted by another may be required to provide support for his natural child by virtue of his subsequent "defacto readoption" of that child. I think the trial judge did the sensible thing and I would affirm.

I am authorized to state that Justice Hall joins in this dissent.