106 Ill. App.3d 635 (1982)
435 N.E.2d 1379
In re ESTATE OF DAWN MARIE EDWARDS, a/k/a Dawn Marie Evink, a Minor, Deceased.  (JERRY EVINK et al., Petitioners-Appellants,
v.
DAWN MARIE EDWARDS, by Mary Lou Edwards Gregory, her Mother and Next Friend, et al., Defendants-Appellees.)
No. 81-702.
Illinois Appellate Court  Second District.
Opinion filed May 20, 1982.
*636 Bernard P. Reese, Jr., of Reese, Reese and Bagley, of Rockford, for appellants.
Brassfield, Cowan & Howard, of Rockford (Eugene E. Brassfield and Frederic T. Brandt, of counsel), for appellees.
Judgment affirmed.
PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:
Whether foster parents are entitled to bring an action for wrongful death of a child on theories of an agreement to adopt or "equitable adoption" is the question before us.
Dawn Marie Edwards, then 13, was struck by a car and killed on November 25, 1980. Jerry Evink filed a petition seeking to open a probate estate and to be appointed her administrator in order to file a wrongful death action, alleging that he and his wife, Bonnie Evink, stood in the place of the natural parents of the decedent. The Evinks filed an additional petition seeking to establish an "equitable adoption," in which they alleged that the deceased was born on October 8, 1967; they obtained permanent custody of the child on October 11, 1967; the child resided with them until her death; they had agreed to adopt the child and the natural mother Mary Lou Edwards Gregory had consented to said adoption; and for all of the natural life of the child they treated the child as their natural child. A consent of the natural mother dated subsequent to the death of the child was attached. It was further alleged that the natural father, James Poe, deserted the child, was unknown to the child and furnished no support.
The State's Attorney, Mary Lou Edwards Gregory, and James Poe were made parties. The natural mother filed her appearance but has not otherwise participated in the proceedings. James Poe filed a motion to dismiss principally on the bases that the Adoption Act does not permit adoption of a deceased person, that the posthumous consent is an invalid attempt to assign a cause of action, and that the allegation referencing the mother's original consent said to be three days after the birth of the child was therefore within 72 hours of the birth and invalid under the Adoption Act. Ill. Rev. Stat. 1979, ch. 40, pars. 1511(B), 1512(H).
The trial court appointed Jerry Evink administrator but dismissed the petition to adopt. The Evinks appeal.
 1, 2 Because the common law did not provide for the adoption of children, adoption rights and duties are determined by statute. *637 (McNamara v. McNamara (1922), 303 Ill. 191, 196.) The petition does not allege that the provisions of the Adoption Act were complied with during the lifetime of Dawn. The petitioners allege that they have a "statutory and equitable right to be declared the adoptive parents of said child." However, as there were no statutory adoption proceedings during Dawn's lifetime, a statutory adoption cannot occur now, since the relevant parts of the Adoption Act contemplate adoption of a living person.
The definition of a "child" subject to adoption means a "person." (Ill. Rev. Stat. 1979, ch. 40, par. 1501(A).) The provisions of the Adoption Act furnish the clear implication that only a living person may be the subject of adoption proceedings. (Ill. Rev. Stat. 1979, ch. 40, par. 1501 et seq.) The "person" sought to be adopted must be made a party. (Ill. Rev. Stat. 1979, ch. 40, par. 1510.) The only reference to a deceased child is section 14a, which provides that after the court has acquired jurisdiction over "the person of any child," and the child dies before the entry of the final order, the court may permit the matter to proceed to final order "to enable the child to have the intended name by adoption." Ill. Rev. Stat. 1979, ch. 40, par. 1518.
Clearly there has been no statutory adoption. The petitioners' principal argument, however, is based on the theory referred to in the petition as "equitable adoption." In Illinois the cases in the area of failure to follow the statute for adoption have proceeded on a contract theory; holding that an oral contract to adopt may be shown, but that evidence supporting the contract must be "clear and conclusive of the existence and terms of the contract, leaving no room for reasonable doubt." (Monahan v. Monahan (1958), 14 Ill.2d 449, 452.) And the evidence must not be "readily harmonizable with any other theory" than the intent to adopt. 14 Ill.2d 449, 453.
Illinois has not expressly recognized the theory of "equitable adoption." (See In re Estate of Staehli (1980), 86 Ill. App.3d 1, 5.) In a number of jurisdictions, however, estoppel or quasi-contract considerations have been applied to establish an adoption where there has been clear proof of a contract, express or implied, between the child's natural parents or legal custodians and the foster parents, reliance upon the parent-child relationship, and performance of obligations under the de facto relationship. (See Adler v. Moran (Tex. Civ. App. 1977), 549 S.W.2d 760, 763, rev'd on other grounds (1978), 570 S.W.2d 883; Mize v. Sims (Mo. App. 1974), 516 S.W.2d 561, 564; Annot., 97 A.L.R.3d 347, 353 (1980).) In a great majority of the cases the child is claiming various rights said to arise from the relationship of an adopted child and the adopting parent has been held estopped from denying that he assumed the obligation. See Mize v. Sims (Mo. App. 1974), 516 S.W.2d 561, 567; Adler v. Moran (Tex. Civ. App. *638 1977), 549 S.W.2d 760, 762; In re Marriage of Valle (1975), 53 Cal. App.3d 837, 842-43, 126 Cal. Rptr. 38, 41-42; Moore v. Douglas (Tex. Civ. App. 1979), 589 S.W.2d 862, 865; Annot., 97 A.L.R.3d 347, 375-382 (1980).
It is also noteworthy that the only Illinois cases which have enforced adoption contracts have done so where the child seeks to inherit from a foster parent. Dixon National Bank v. Neal (1955), 5 Ill.2d 328, 331, and cases there cited; Monahan v. Monahan (1958), 14 Ill.2d 449.
 3 We apply the accepted principles in ruling upon a motion to dismiss, that well-pleaded facts and reasonable inferences in Evinks' petition are taken as true, with the allegations viewed in the light most favorable to them. (E.g., Album Graphics, Inc. v. Beatrice Foods Co. (1980), 87 Ill. App.3d 338, 344.) The Evinks alleged that Dawn was in their custody from three days after her birth until she died, they and Dawn's natural mother agreed that the Evinks would adopt Dawn, Poe deserted Dawn, Dawn used the surname "Evink" for all purposes, and the Evinks assumed full responsibility for Dawn, supported her financially, and cared for her as a natural child, although there were no statutory adoption proceedings. While these allegations may be sufficient to allege a contract to adopt, the allegations taken as true with the reasonable inferences, do not establish a cause of action in the Evinks to sue for the wrongful death of Dawn.
 4 Damages arising from wrongful death in Illinois are recoverable exclusively for the benefit of the decedent's surviving spouse and "next of kin." (Ill. Rev. Stat. 1979, ch. 70, par. 2.) Next of kin includes adoptive parents, since an adoptive child stands in the same relation to the adoptive parent as a natural child. Hopkins v. Gifford (1923), 309 Ill. 363, 371; McDavid v. Fiscar (1951), 342 Ill. App. 673, 680.
 5 Because there was no cause of action for wrongful death at common law, the wrongful death statute is the source of determining who shall sue and under what conditions; and the statute is to be strictly construed. (Wilson v. Tromly (1949), 404 Ill. 307, 310.) Recovery is limited solely to those beneficiaries clearly described in the statute. (Steed v. Imperial Airlines (1974), 12 Cal.3d 115, 119, 524 P.2d 801, 803, 115 Cal. Rptr. 329, 331.) Statutes providing recovery for wrongful death, strictly construed, have been held to exclude persons standing only in a quasi-parental relationship. See Smith v. Jones (1945), 72 Ga. App. 638, 639, 34 S.E.2d 623, 624.
 6 Proof of the elements of an oral contract to adopt merely permits the enforcement of contract rights; it does not create a parent-child relationship or afford all of the legal consequences of a statutory adoption. When the contract has not been performed, in fact becomes impossible to perform because of the death of the child, the foster parent does not come within the term "next of kin" in the wrongful death statute. See Whitchurch v. Perry (1979), 137 Vt. 464, 408 A.2d 627, 632; Boudreaux v. Texas & N. *639 O.R. Co. (Tex . Civ. App. 1935), 78 S.W.2d 641, 642-44; Smith v. Jones (Ga. App. 1945), 34 S.E.2d 623, 624; Citizens' St. R. Co. v. Cooper (1899), 22 Ind. App. 459, 53 N.E. 1092; Perez v. Central Power & Light Co. (Tex. Civ. App. 1930), 27 S.W.2d 641, 642; Olson v. United States (8th Cir.1949), 175 F.2d 510, 512 (applying Utah law).
We are sympathetic to the concern of the petitioners that James Poe, who clearly abandoned the child, should here be the objector. There are implications from his conduct that are not savory. However, he was made a defendant with his consequent right to plead; and, in any event, we would be required to resolve the legal issues in the same way.
The judgment of the trial court which dismissed plaintiffs' petition for failure to state a cause of action is therefore affirmed.
Affirmed.
HOPF and VAN DEUSEN, JJ., concur.