PAMELA L. RODGERS, Adm'r of the Estate of Daniel H. Rodgers, Deceased, Plaintiff-Appellee, v. CONSOLIDATED RAILROAD CORPORATION et al., Defendants-Appellees (Richard Rodgers et al., Intervening Petitioners-Appellants).—RICHARD RODGERS et al., Plaintiffs-Appellants, v. CONSOLIDATED RAILROAD CORPORATION et al., Defendants-Appellees.

Fourth District   Nos. 4—84—0668, 4—84—0872 cons.

Opinion filed August 29, 1985.

Michael D. Clary, of Law Offices of Richard J. Doyle, of Danville, for appellants.

William L. Townsley, of Sebat, Swanson, Banks, Lessen & Garman, of Danville, for appellee Pamela L. Rodgers.

John B. Jenkins, of Gunn & Hickman, P.C., of Danville, for other appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

These consolidated cases involve actions for the wrongful death of Daniel Rodgers. The decedent's parents, Richard and Marjorie Rodgers, appeal from a denial of their petition to intervene in the administrator's wrongful death action and a dismissal of their own wrongful death action. At issue is whether the parents of a decedent, who is also survived by a spouse and children, are beneficiaries under the Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, pars. 1, 2).

Daniel Rodgers died on September 29, 1982, after a train struck the vehicle he was driving. He was survived by his wife, Pamela Rodgers, a son, and his parents. His wife was pregnant with their second child at the time of his death. As administrator of the estate, Pamela Rodgers filed a wrongful death action against Consolidated Railroad Corporation (Conrail) and its employees for the benefit of herself and her two children. The decedent's parents filed a petition to intervene. They sought recovery of funeral expenses and for the loss of society, comfort, and companionship of the decedent. The trial court denied their petition. The administrator subsequently settled with the defendants and petitioned the court to divide the proceeds between herself and her children. The decedent's parents then filed suit on their own behalf against Conrail and its employees. They sought recovery for the loss of valuable services, affection, comfort, society, and companionship under the Wrongful Death Act. They also sought recovery for funeral expenses under common law and the Survival Act (Ill. Rev. Stat. 1983, ch. 110½, par. 27—6). The trial court dismissed their complaint.

In *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228, the supreme court decided the parents of a minor child could recover damages for loss of the child's society in a wrongful death action. The court further held such parents were entitled to a presumption of pecuniary injury in the loss of a minor child's society. The court left open the question of whether the loss-of-society presumption applied if the child had reached the age of majority. In *Prendergast v. Cox* (1984), 128 Ill. App. 3d 84, 470 N.E.2d 34, the court concluded the parent who lived with an adult, unmarried child was entitled to

the loss-of-society presumption. In *Ballweg v. City of Springfield* (1984), 130 Ill. App. 3d 241, 473 N.E.2d 342, this court held the presumption did not apply if the child had reached majority and that the parents must prove the loss of society in such a case. Implicit in our holding was the assumption that parents can recover for the loss of society even after the child reaches majority.

■ Relying on these cases, the decedent's parents seek recovery for the loss of their son's society. They contend they should have been allowed either to bring their own suit or to intervene in the administrator's suit. *Bullard, Prendergast,* and *Ballweg* all address the scope of damages in a wrongful death case. The issue in this case deals with who may sue and under what conditions. The common law has no cause of action for wrongful death, and the Wrongful Death Act is the source for determining who shall sue and under what conditions. *In re Estate of Edwards* (1982), 106 Ill. App. 3d 635, 435 N.E.2d 1379.

In Illinois, wrongful death suits must be brought by and in the name of the personal representative of the deceased. The personal representative possesses the sole right of action or control over the litigation. The Act does not create an individual right in a beneficiary to bring suit. (*Addison v. Health & Hospital Governing Com.* (1977), 56 Ill. App. 3d 533, 371 N.E.2d 1060.) The trial court properly dismissed the parents' complaint. They have no right to bring their own action simply because they allege that they have suffered an injury. As the supreme court has stated:

> "Considering first the difference in the parties who are entitled to sue, it is apparent that in a closely knit society the death of any one person will usually disrupt the pattern of many lives. Certainly the radiations of such an event are not confined to the immediate family circle. It is possible, of course, to contemplate a system of law that would, in the case of a death caused by the wrongful conduct of another, impose liability upon the wrongdoer in favor of all persons whose rights were affected in any degree. But the common law has characteristically imposed close limits upon the parties entitled to sue. If the deceased in this case had survived, for example, his injuries might have been such as to inflict upon these plaintiffs deprivations of the same kind and of equal severity. Yet the only person entitled to recover would be the injured man himself.
>
> In common-law fashion, the legislative remedy limits recovery to a small class of persons who are immediately affected

by the death. To avoid multiple lawsuits, it also requires that a single action be brought on behalf of the members of that class." *Hall v. Gillins* (1958), 13 Ill. 2d 26, 30, 147 N.E.2d 352, 355.

The decedent's parents argue they should have been permitted to intervene in the administrator's action because they could not bring their own suit. They maintain a beneficiary must be able to protect his right when the administrator fails to do so. (*Cf. Knobloch v. Peoria & Pekin Union Ry. Co.* (1983), 118 Ill. App. 3d 205, 454 N.E.2d 1083 (allowing a beneficiary to intervene in an administrator's wrongful death suit brought under the Federal Employer's Liability Act).) A better practice may be to petition for the removal of the administrator. We need not decide, however, whether intervention is permissible, because we find that the decedent's parents were not beneficiaries under the Act.

Recovery under the Act is limited to those beneficiaries clearly described in the statute. (*In re Estate of Edwards* (1982), 106 Ill. App. 3d 635, 435 N.E.2d 1379.) The Act is exclusively for the benefit of the "surviving spouse and next of kin." Our supreme court has previously addressed the meaning of "next of kin" in the statute:

"The term 'next of kin,' in its technical, legal meaning, means persons nearest in degree of blood surviving. In its practical use the term has come to mean, ordinarily, those persons who take the personal estate of the deceased under the statute of distribution. The English courts hold that the primary and proper meaning of 'next of kin' is the nearest in proximity of blood living at the death of the person whose next of kin are spoken of. (2 Pope's Legal Definitions, p. 1025.) Under our statute on descent (Smith's Stat. 1925, chap. 39, sec. I, p. 979,) personal property descends first to the deceased's children and their descendants in equal parts, the descendants of the deceased's child or grandchild taking the share of its deceased parents in equal parts. When there is no child of the intestate or descendants of such child, and no widow or surviving husband, then the property descends to the parents, brothers and sisters of the deceased and their descendants, etc. *** The civil law rule that parents and children stood in the same degree of kindred was changed in this State by the adoption of the Descent act in 1829, and such civil law rule, which was the common law doctrine, has been wholly superseded by statute in this State and parents have been reduced to the second degree of kindred. *** The next of kin of any

deceased person are definite blood relatives or a definite class of blood relatives or kinsmen in existence at the time of the death of the deceased who would take his personal property in case he died intestate." (*Wilcox v. Bierd* (1928), 330 Ill. 571, 581-82, 162 N.E. 170, 175, *overruled on other grounds, McDaniel v. Bullard* (1966), 34 Ill. 2d 487, 216 N.E.2d 140.)

Considerations of *stare decisis* weigh heavily in the area of statutory construction, especially where the legislature is free to change court interpretations of its legislation. *Williams v. Crickman* (1980), 81 Ill. 2d 105, 405 N.E.2d 799.

When *Wilcox* was decided, an award under the Act was to be distributed in the proportion provided by the law in relation to distribution of personal property left by persons dying intestate. An adult, married child, who was in no way dependent upon the decedent, would share equally with minor children who were fully dependent. In 1955, the legislature amended the statute so that distribution would be based on the actual dependency of the spouse and next of kin. (*In re Estate of Griffy* (1978), 64 Ill. App. 3d 504, 381 N.E.2d 755.) Additionally, the cap on the maximum recovery was removed.

While the legislature changed the manner of distribution, it did not expand the class of beneficiaries. The legislature left the phrase "next of kin" in the statute. An amendatory act is not only construed as continuing in effect the unchanged portions thereof, but, if previously construed terms in the unamended portion are used in the amendment, it is generally concluded that the legislature intended to adopt the prior construction given to those terms. *Hupp v. Gray* (1978), 73 Ill. 2d 78, 382 N.E.2d 1211.

The decedent's parents contend *Rusher v. Smith* (1979), 70 Ill. App. 3d 889, 388 N.E.2d 906, should control our decision. In *Rusher*, the decedent's wife and parents survived him. The defendants in *Rusher* argued the parents could not recover for the wrongful death of their son because the surviving spouse was the only person entitled to take under the rules of descent and distribution. The court noted distribution of an award under the Act no longer followed the statute of descent. Focusing on the word "and" in the phrase "surviving spouse and next of kin," the court held the surviving spouse and parents, as next of kin, could recover in the same wrongful death action. The decedent in *Rusher* did not have any children. Under *Wilcox*, parents are not the next of kin when a decedent leaves children. Thus, *Rusher* lends no support to the parents' argument.

■ The decedent's parents note that distribution under the current Act is based on dependency. They maintain there may be situations where parents are financially dependent on a child who has children of his own. They contend it would be inequitable not to allow the parents to recover in such a case. We can easily envision situations where not only parents, but siblings, distant relatives, or even unrelated individuals had been dependent upon a decedent. We cannot, however, interpret the Act simply to achieve equity. The Act, being a creature of statute, is to be strictly construed. (*Wilson v. Tromly* (1949), 404 Ill. 307, 89 N.E.2d 22.) Statutes should be interpreted and applied in the manner in which they are written. They should not be rewritten by a court to make them consistent with the court's idea of orderliness and public policy. *Kozak v. Retirement Board* (1983), 95 Ill. 2d 211, 447 N.E.2d 394.

■ Finally, the decedent's parents seek to recover funeral expenses which they paid under either the Wrongful Death Act or the Survival Act. The Survival Act does not create a statutory cause of action but merely allows the decedent's representative to maintain those statutory or common law actions which had already accrued to the decedent before he died. (*National Bank v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 383 N.E.2d 919.) Such expenses are also not recoverable under the Wrongful Death Act. Recovery of funeral expenses based upon out-of-pocket payment for which there was a legal liability have been allowed under "An Act to revise the law in relation to husband and wife" (Ill. Rev. Stat. 1983, ch. 40, par. 1015). (*Graul v. Adrian* (1965), 32 Ill. 2d 345, 205 N.E.2d 444.) Parents, however, are not liable for expenses incurred by adult children under the statute. *Ragan v. Protko* (1978), 66 Ill. App. 3d 257, 383 N.E.2d 745.

For these reasons, we affirm the orders of the trial court dismissing the appellants' complaint and denying the petition to intervene.

Affirmed.

TRAPP and MORTHLAND, JJ., concur.