No. 85–1314. WILSEY, INDIVIDUALLY AND AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF HAMMEL *v.* EDDINGFIELD ET AL. C. A. 7th Cir. Certiorari denied. .

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

Petitioner Krista Wilsey, an Iowa resident, filed this wrongful-death action in the United States District Court for the Central District of Illinois against respondents, three Illinois physicians. Specifically, petitioner alleged that respondents had been negligent in performing surgery on her 4-year-old daughter, the decedent. Petitioner also requested that she be appointed special administrator of the estate of her deceased daughter so that she could properly prosecute the action: Under Illinois law, a special administrator is appointed to administer a decedent's estate where the only asset of that estate is a cause of action for wrongful death. See Ill. Rev. Stat., ch. 70, ¶ 2.1 (1986). Jurisdiction was allegedly based on diversity of citizenship under 28 U. S. C. § 1332.

A panel of the United States Court of Appeals for the Seventh Circuit, however, held that diversity jurisdiction was lacking and dismissed the action. 780 F. 2d 614 (1985). Relying on its earlier decision in *Betar* v. *De Havilland Aircraft of Canada, Ltd.*, 603 F. 2d 30 (1979), the Court of Appeals concluded that a special administrator under Illinois law has no personal stake in the proceeds of a wrongful-death action but merely distributes those proceeds to the statutory beneficiaries. Consequently, the statutory beneficiaries and not the special administrator are the real parties in interest whose citizenship is determinative for di-

versity purposes. Because the decedent's father, one of the statutory beneficiaries, was an Illinois resident, there was incomplete diversity between the parties and diversity jurisdiction was lacking.

This holding, as the Court of Appeals itself recognized, is in conflict with the Tenth Circuit's decision in *Hackney* v. *Newman Memorial Hospital, Inc.*, 621 F. 2d 1069 (1980), in which that court found diversity jurisdiction to be proper in a very similar situation involving the Oklahoma wrongful-death statute. See also, *e. g.*, *Bettin* v. *Nelson*, 744 F. 2d 53 (CA8 1984); *Bianca* v. *Parke-Davis Pharmaceutical Div. of Warner-Lambert Co.*, 723 F. 2d 392 (CA5 1984). Moreover, as Judge Posner pointed out in his dissent from the Court of Appeals' decision not to rehear this case en banc, under Illinois law the special administrator is a fiduciary of the estate's beneficiaries and has sole control over the litigation. See *Rodgers* v. *Consolidated Railroad Corp.*, 136 Ill. App. 3d 191, 193, 482 N. E. 2d 1080, 1082 (1985). Thus, the holding below is also in tension with this Court's decision in *Navarro Savings Assn.* v. *Lee*, 446 U. S. 458, 465 (1980), in which we held that business trustees—"active trustees whose control over the assets held in their names is real and substantial"—were real parties in interest for diversity purposes. See also *Mecom* v. *Fitzsimmons Co.*, 284 U. S. 183 (1931). In addition, defining diversity jurisdiction by the citizenship of the statutory beneficiaries, the approach taken by the Seventh Circuit panel, could make for a difficult and time-consuming determination in ascertaining diversity for jurisdictional purposes. See *Navarro, supra*, at 464, n. 13.

Because of the conflict among the Circuits and the tension between the Court of Appeals' holding and our decision in *Navarro*, I would grant certiorari.