156 Ill. App.3d 634 (1987)
509 N.E.2d 166
JOHNNIE LEE FORTHENBERRY, Indiv. and on behalf of Mary Louise Jackson et al., as Special Adm'r of the Estate of Claudine Jackson, Deceased, Plaintiff-Appellant,
v.
FRANCISCAN SISTERS HEALTH CARE CORPORATION, a/k/a St. Elizabeth's Hospital, et al., Defendants-Appellees.
No. 4-86-0654.
Illinois Appellate Court  Fourth District.
Opinion filed June 11, 1987.
*635 Michael A. Wozniak, of Manion, Janov, Edgar, Devens & Fahey, Ltd., of Hoopeston, and Thomas J. Mellen III, of Danville, for appellant.
Richard F. Record, Jr., Richard C. Hayden, and Kenneth D. Peters, all of Craig & Craig, of Mattoon, for appellees Michael Olsen and William M. Grant.
Richard R. Harden and William J. Brinkmann, both of Thomas, Mamer & Haughey, of Champaign, for appellee Dr. Suketu Jhaveri.
Clare E. Connor, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for other appellee.
Judgment affirmed.
JUSTICE STOUDER delivered the opinion of the court:
Plaintiff, Johnnie Lee Forthenberry, appeals from the judgment of the circuit court of Vermilion County dismissing him and Mary Louise Jackson as plaintiffs in a wrongful death action. Forthenberry and Jackson were the parents of the unmarried minor-decedent, Claudine Jackson. Claudine gave birth prior to her death and a wrongful death action alleging medical malpractice was filed on behalf of the infant, Exavier Lee Jackson, and the parents. The suit named Franciscan Sisters Health Care Corporation, d/b/a St. Elizabeth's Hospital, Dr. Suketu Jhaveri, Michael Olsen, and William Grant as the defendants. On defendants' motion to dismiss, the trial court dismissed that portion of the plaintiff's claim on behalf of himself and Mary Louise Jackson on the basis that only the newborn infant was a proper party-plaintiff under the language of the Illinois Wrongful Death Act. Ill. Rev. Stat. 1985, ch. 70, par. 1 et seq.
During the course of the delivery of the newborn infant by cesarean section, complications arose and Claudine eventually died. Forthenberry filed a complaint alleging medical and hospital malpractice *636 against the defendants on behalf of himself, his wife, and the infant and as administrator of Claudine's estate. Each of the counts of the complaint sought recovery pursuant to the Illinois Wrongful Death Act. Each count also named Forthenberry, Mary Louise Jackson, and the infant as next of kin. The ruling on defendants' motion to dismiss, which was final as to Forthenberry and Mary Louise, contained a finding pursuant to the provisions of Supreme Court Rule 304(a) (107 Ill.2d R. 304(a)) making it immediately appealable.
At the outset of this appeal, we must note that the issue we deal with today is not the scope of damages in a wrongful death action, but rather who may sue and under what conditions. Because no cause of action for wrongful death existed at common law, the Wrongful Death Act is the source for determining who may sue and under what conditions. (In re Estate of Edwards (1982), 106 Ill. App.3d 635, 435 N.E.2d 1379.) This also brings to our attention the rule of statutory construction that statutes in derogation of the common law are to be strictly construed and nothing is to be read into such statutes by intendment or implication. Summers v. Summers (1968), 40 Ill.2d 338, 239 N.E.2d 795.
Forthenberry contends that there is a recent trend in the law in Illinois which calls for a reversal of the trial court's judgment in this case. He cites the cases of Bullard v. Barnes (1984), 102 Ill.2d 505, 468 N.E.2d 1228, and Cockrum v. Baumgartner (1983), 95 Ill.2d 193, 447 N.E.2d 385, for the proposition that the Illinois Supreme Court has joined the modern trend in permitting parents to recover for the loss of a child's society in wrongful death actions. This is a correct assessment of the law in Illinois; however, those cases address the scope of damages in cases in which the parents were proper plaintiffs in cases filed pursuant to the Wrongful Death Act. The issue in those cases was whether loss of society could be deemed a pecuniary injury which would be compensable under the Act. This presents us with a similar argument as that propounded by the decedent's parents in the case of Rodgers v. Consolidated Railroad Corp. (1985), 136 Ill. App.3d 191, 482 N.E.2d 1080.
The Rodgers court also considered the Bullard case, as well as two others, which the decedent's parents relied on to support their contention that they should be permitted to seek recovery for the loss of their son's society in a wrongful death action. At issue in Rodgers was whether the parents of a decedent, who is also survived by a spouse and children, are beneficiaries under the Wrongful Death Act. The Rodgers court also concluded that the cases cited by the decedent's parents addressed the scope of damages and, therefore, lent no support *637 to their contention that they were proper beneficiaries under the Wrongful Death Act.
 1, 2 The Wrongful Death Act is exclusively for the benefit of the "surviving spouse and next of kin" and is limited to those beneficiaries clearly described in the statute. (In re Estate of Edwards (1982), 106 Ill. App.3d 635, 435 N.E.2d 1379.) The statute should not be rewritten by a court to make it consistent with the court's idea of orderliness or public policy. (Kozak v. Retirement Board of the Fireman's Annuity & Benefit Fund (1983), 95 Ill.2d 211, 447 N.E.2d 394.) In this case, Forthenberry occupied neither the position of surviving spouse nor next of kin. Claudine had no spouse and under Illinois law, parents are not the next of kin when a decedent leaves children. (Wilcox v. Bierd (1928), 330 Ill. 571, 162 N.E. 170, overruled on other grounds, McDaniel v. Bullard (1966), 34 Ill.2d 487, 216 N.E.2d 140.) Consequently, we find no reason for departing from the rule announced in Rodgers and hold that the trial court was correct in granting defendants' motion to dismiss.
For the foregoing reasons, the judgment of the circuit court of Vermilion County is affirmed.
Affirmed.
BARRY, P.J., and HEIPLE, J., concur.